EXPANDED METAL CO. v. GENERAL FIREPROOFING CO.

(Circuit Court, N. D. Ohio, E. D. August 6, 1907.)

No. 6,657.

Patents—Invention—Process of Expanding Sheet Metal.

The Golding patent, No. 527,242, for a process of making open or reticulated sheet metal work by slitting and stretching the sheet at the same time, is void for lack of patentable invention, in that it describes merely an abstract idea without sufficiently disclosing means by which it may be put into practice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 34.]

In Equity.  On final hearing.

Munday, Evarts & Adcock and Ernest Howard Hunter, for complainant.

Dickerson, Brown, Raegner & Binney, Bakewell & Byrnes, and T. H. Bushnell, for defendant.

TAYLER, District Judge. The bill in this case charges the defendant with infringement of patent No. 527,242 granted to John F. Golding October 9, 1894, for a method of making expanded sheet metal. The claim of the patent is as follows:

"The herein described method of making open or reticulated metal work, which consists in simultaneously slitting and bending portions of a plate or sheet of metal in such manner as to stretch or elongate the bars connecting the slit portions and body of the sheet or plate, and then similarly slitting and bending in places alternate to the first-mentioned portions, thus producing the finished expanded sheet metal of the same length as that of the original sheet or plate, substantially as described."

The history of the art involved in the manufacture of expanded metal discloses a large number of patents and devices, and shows constant and high development. The feature of the patent in suit which the complainant claims is involved is the stretching of the metal strands simultaneously with the act of cutting them from the body of the sheet. The patent is not for a machine, but is for a method. It seems to be merely the proclamation of an idea. The patentee later devised, and obtained a patent for, a machine suitably accomplishing the purpose.

The question of the validity of the patent in suit came up before the United States Circuit Court for the Eastern District of Pennsylvania, where the patent was held to be valid. Expanded Metal Co. v. Bradford (C. C.) 136 Fed. 870. On appeal to the Circuit Court of Appeals the decision of the lower court was reversed, and the patent held to be invalid. Bradford et al. v. Expanded Metal Company et al., 146 Fed. 984, 77 C. C. A. 230. The opinion in that case, rendered by Judge Dallas, seems to me to correctly state the principles applicable to the facts in this case, and, with a reference to both cases for a statement of the facts, and to the reasoning of Judge Dallas for the grounds upon which my opinion is based, there is no necessity for anything further being said.

An order may, therefore, be entered dismissing the bill.