GOOD ROADS CO., Inc., v. CHARLES HVASS & CO., Inc.

No. 394.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

Williams, Rich & Morse, of New York City (Henry D. Williams and Giles S. Rich, both of New York City, of counsel), for appellant.

Schechter, Lotsch & Sulzberger, of New York City (John L. Lotsch, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of patent No. 1,715,325, issued May 28, 1927, on an application filed March 18, 1927. The patent related to a spreading apparatus for distributing stone chips or other loose materials over road surfaces. The defense of invalidity was sustained below, and it is the principal question argued on this appeal.

Claims 1, 2, 3, and 8 are relied upon. Claims 5 and 6 were disclaimed by formal disclaimer filed August 9, 1933. It is conceded by appellant that the invalidity of the four claims now relied upon depends upon whether the inventor disclosed the essential subject-matter in his original application for a patent February 6, 1923. The application of March 18, 1927, is claimed to be a continuation, in part, of that application.

Of the claims relied upon, claim 1 provides for a spreading apparatus for roadways comprising in combination (a) a motor-driven truck having a body arranged to tilt to discharge at the rear of the truck; (b) a material spreading unit separate from said truck comprising a spreading device for lateral distribution of a road-surfacing material; (c) a hopper arranged to discharge into said spreading device; and (d) a wheel for said device and means for attaching said unit to a part of said truck other than said body, whereby material is fed to said hopper in any discharging position of said body. Claim 2 is for a spreading apparatus, for the same work, comprising in combination (a), (b), and (c) of claim 1, (d) a wheel for the spreading device and hopper, (e) power means actuated by the wheel for operating the spreading device, and (f) means for attaching the unit to a part of the truck so that material might be fed into the hopper in any discharging position of the body. Claim 3 differs from claims 1 and 2 in that

the hopper is to have a length substantially equal to the width of the truck, and, in support of the hopper and spreading device, there was included a wheel and means actuated by said wheel for actuating said spreading device. Claims 1, 2, and 3 make no reference to backward movement of the truck. Claim 8 differs from these claims in that it describes the operation of the spreading apparatus when the spreader is propelled in advance of the truck. This operation is not referred to in the inventor's first application, and this fact the lower court held precluded the inventor from claiming it.

The inventive thought of the patent is said to reside in providing a spreading unit for distributing stone chips, sand, gravel, and other loose materials over a roadbed with a motortruck of usual construction, having a tiltable body so as to receive and laterally spread over the roadway the material as discharged from the truck directly into the spreading unit, the spreading unit having a spreading device actuated by the movement of the spreading unit. The spreading unit is quickly attachable to and detachable from the trucks and provided with its own wheel to drive its mechanism when propelled over the road by the truck. It is claimed that a single spreading unit may be successfully attached to and moved with each truck as its material is being discharged into the spreading unit, thus receiving the contents of successive trucks, and thus permitting the trucks to go back and forth to the source of material; each truck being detained in the place of work only long enough to deliver its load to the spreading unit and over the roadbed. As a result, this combination is said to have produced a new and highly useful result. The claim is further made that the inventor's self-supporting and equally detachable spreading unit may be attached to a propelling vehicle and pushed backwards by and with the vehicle if a nonswiveling connection is used. When thus moved, it spreads the material on the roadbed before the wheels of the vehicle and the wheels of the spreading unit reach that roadbed, making it possible to treat tarred roads without gumming the wheels of the propelling vehicle and spreader, or tearing up the moist material and thereby impairing the work done.

It is admitted that the spreading unit and motortruck with tiltable body were old, but appellant says that the combination of the two used as the patent teaches brings about this new and useful result.

■ Unless the application for the patent can be considered as a continuation of the abandoned patent filed by the inventor in 1923, the patent sued on is invalid because of prior public use. A spreader of the model offered in evidence, by the appellant, was used in Baltimore in 1923. It was bought by the appellant from the Do-It-All Spreader Company. The inventor, in 1923, turned over to the Do-It-All Spreader Company the manufacturing and selling rights. The appellant's president said that the only machine he made or saw was the original device that he constructed in 1923. He had nothing to do with preparing the drawings or specifications for the patent. In May, 1926, the Do-It-All Spreader Company sold its rights to the appellant. Appellant's president stated appellant bought four or five spreaders between 1923 and 1926 from the Do-It-All Spreader Company and that the first spreader purchased was used in 1923 for three years and that appellant had two or three in 1924. The witness identified the device so used as being in all respects identical with the appellant's model No. 13 with minor exceptions. The use of this spreader more than two years prior to the filing of the application for the patent in suit will void such patent because of its public use. Egbert v. Lippmann, 104 U. S. 333, 26 L. Ed. 755; Standard Automatic Machine Co. v. Karl Keifer Mach. Co. (C. C. A.) 18 F.(2d) 331.

■ But the appellant urges that the inventor's prior application, of which the present is a continuation, disclosed a tilting truck and spreading combination and therefore the filing date reverts to February 6, 1923, when the earlier application was filed. But comparing the specifications, drawings, and claims of the patent allowed with the abandoned application, it is apparent that there is no mechanism common to both applications except a tractor's wheel for revolving the spreader cone so as to distribute the material laterally. Also there was no disclosure in the specifications of the abandoned application which would warrant the making of the claims in issue. Since there is no disclosure in the specification, there was no basis for such claims. The application for the patent in suit cannot, therefore, be treated as a continuation of the earlier application. The drawings are of no avail because there is an absence of a description of the alleged invention. The inventor says his invention was directed to the spreader per se; not to the combination of a motor-driven truck having a body arranged to tilt so as to discharge at the rear of the truck or means of supporting the spreader in an upswung position against

the truck or adjustable attaching means to take care of different sized trucks.

The file wrapper of the abandoned application reads:

"The essential element of the invention is a circular distributor 10 made preferably of thin material pressed into shape to provide under current channels and ribs 10a and 10b radially disposed and arranged in a circumferential series, the channels constituting troughs in which the material is received to be distributed over a road surface by the rotation of the distributor. Rotation of the distributor as well, as support of the latter is had by means of a ground wheel or roller 11 journaled on a shaft 12 spanning the lower ends of the side bars of the truck 13 which is adapted for attachment as a trailer to a wagon or truck carrying the material to be spread, the rear end of said wagon or truck being indicated at 14."

The essential element of the invention was there pointed out to be the circular distributor provided with channels constituting troughs in which the material is received to be spread over the road by the rotation of the distributor. The spreader is of a type different from that disclosed in the application of the patent in suit. There is clear indication that there was no disclosure of a motor-driven truck having a body arranged to tilt to discharge at the rear of the truck. An amendment filed October 17, 1928, stated that "the body 14 of the wagon being in a position over the hopper 20 to deliver the material into the hopper." This is persuasive that no tiltable truck was contemplated.

In his abandoned application, the inventor canceled all pending claims, which were all directed to the spreader per se, in view of the prior art cited. And, at the time the application became abandoned, the claim was directed to the spreading device per se provided with "hooks and spring actuated latches closing the throats of said hooks in combination with a rod for disposition in spanning relation to the side rails of a wagon." Comparing the abandoned application with the testimony now offered, it is clear to us that there is an entire absence of any description whatever of a motor-driven truck having a body arranged to tilt to discharge the materials from the rear of the truck. Nor does it contain any statement of invention which sufficiently indicates the idea of a raised truck body discharging material into a hopper while the spreader is moving in advance, nor of the truck as the truck is moved rearwardly under its motor power to thereby push the spreading device over the tarred road in advance of the truck.

To support the claim of disclosure in the abandoned application, it must appear that there was a complete disclosure. General Electric Co. v. Continental Fibre Co., 256 F. 660, 664 (C. C. A. 2). There it was said: " * * * The doctrine of continuity 'broadly depends upon whether the substituted application is for the same invention as that disclosed in the original application.' * * * The queries in this case * * * are these: Could the claims in suit have been properly issued on the original specification."

Answering the inquiry applicable to this cause, there was no disclosure in the original specification of a motor-driven truck having a body arranged to tilt to discharge at the rear of the truck or of the other features of the invention. There must be a written description of the invention found in the abandoned application, and drawings cannot supply the entire absence of description in the specifications. Permutit Co. v. Graver Corp., 284 U. S. 52, 52 S. Ct. 53, 76 L. Ed. 163; Typewriters Hilliardized, Inc., v. Corona Typewriter Co., 43 F.(2d) 961 (C. C. A. 2); Fulton Co. v. Powers Regulator Co., 263 F. 578 (C. C. A. 2); Windle v. Parks & Woolson Mach. Co., 134 F. 381 (C. C. A. 2). Therefore we may not consider the present application as a continuation of an abandoned application because there was an entire absence of a description of the alleged invention in the abandoned application.

Disclaiming claims 5 and 6, as the appellant did, cannot affect this determination. Section 4917, U. S. Rev. St. (35 USCA § 65). If the case has been heard and decided on the merits, the appellant could not file a disclaimer except at a rehearing granted by the court and upon such terms as it saw fit to disclose. Roemer v. Bernheim, 132 U. S. 103, 10 S. Ct. 12, 33 L. Ed. 277. The pending action may proceed in spite of the disclaimer. Michigan Carton Co. v. Sutherland Paper Co., 29 F.(2d) 179 (C. C. A. 6). Appellant did not, as it might have, file its disclaimer in the District Court. Sachs v. Hartford Elec. Supply Co. (C. C. A.) 47 F.(2d) 743. Considering claims 5 and 6 involving the means to support the frame of the spreading apparatus in upswung position against the truck, we find them invalid because of prior public use which was practiced by the appellant in 1923, after the filing of the abandoned application and more than two years prior to the filing of the application in suit. Under these

circumstances, the disclaimer is not the proper remedy. Otis Elevator Co. v. Pacific Finance Corp., 68 F.(2d) 664 (C. C. A. 9); Sachs v. Hartford Electric Supply Co., supra.

■ We are satisfied from our examination of the testimony and the examination of the abandoned application and the patent in suit that the original application was directed solely to the spreader per se, and that the patent in suit was anticipated by the prior use and therefore is invalid.

Decree affirmed.