## HAZELTINE RESEARCH, Inc. v. GENERAL MOTORS CORPORATION.

### No. 10597.

United States Court of Appeals
Sixth Circuit.
Oct. 19, 1948.
Rehearing Denied Dec. 27, 1948.
See 171 F.2d 680.

---

Laurence B. Dodds, of New York City (Laurence B. Dodds and Leonard B. Dodds, both of New York City, and Paxton & Seasongood and Robert P. Goldman, all of Cincinnati, Ohio, on the brief), for appellant.

C. Blake Townsend and Drury W. Cooper, both of New York City (Drury W. Cooper, Stephen H. Philbin and C. Blake Townsend, all of New York City, and Fred E. Jones, of Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

SIMONS, Circuit Judge.

As against the defense of invalidity based upon lack of invention, the appellant failed in its suit for infringement of two patents in the radio art. They are Wheeler No. 1,951,685, for a "Peak Detector," issued March 20, 1934, and Wheeler No. 2,041,273, issued May 19, 1936, for "Amplifier Volume Control." The complaints alleging infringement were filed in 1941 by the Hazeltine Corporation but the appellant, as

present owner, was later substituted as plaintiff and the cases consolidated for trial.

Both patents in suit derive from an application filed by Wheeler on July 7, 1927 for a combination referred to in the record as the Washington Receiver. By divisional applications and re-issue, seven patents evolved from the parent application between September 27, 1932 and May 18, 1937. We are directly concerned only with the patents in suit, but indirectly with re-issue patent No. 19,744 granted October 29, 1935, which we adjudicated as valid and infringed in Detrola Radio and Television Corporation v. Hazeltine Corporation, 6 Cir., 117 F.2d 238, a decision which was reversed, however, by the Supreme Court of the United States under the same title in 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319. The district judge, finding that the patents in suit were based upon the disclosure and described the same machine as was involved in the Detrola case, that its physical elements, their proportionings and operation were the same, that the advance over prior art was much less than was disclosed in the re-issue, concluded he was obliged to apply the standard of invention established by the Detrola case in the radio field, adjudged the patents in suit void for want of invention and dismissed the complaints.

Before giving consideration to the prior art in an effort to determine whether the findings below were, to such extent, supported by substantial evidence that they are not to be rejected as clearly erroneous, and whether, if sound, the court's conclusion was compelled by the adjudication and reasoning of the Detrola case, we are obliged to give thought to a technical defense assailing the validity of the patents based upon the provisions of R.S. 4886, 35 U.S.C.A. § 31, in that the alleged inventions claimed in the patents in suit were described in a printed publication, were in public use and on sale in this country more than two years prior to the applications upon which they issued. If this defense is valid it completely disposes of the controversy.

. The original application was filed July 7, 1927, the "Peak Detector" patent in suit was applied for April 1, 1931, and the "Am-plifier Volume Control" patent in suit was applied for on August 27, 1932. In the interval between the date of the parent application and the dates of the divisional applications, and more than two years prior to the latter, Wheeler, if we accept his testimony as we think we must, stated that under his supervision a receiver embodying the inventions in suit was built by Stromberg-Carlson Company, a Hazeltine licensee, some time in August, 1926, and was thereupon demonstrated to the engineers of various Hazeltine licensees; that in the summer of 1927 the Howard Radio Company, with the appellant's permission, constructed a receiver embodying the inventions in suit, built six of such receivers and sold a few at $3,000 apiece. In November or December of 1927 Wheeler delivered a paper, which was later printed, disclosing the inventions in suit with drawings therein included. The Stromberg-Carlson and Howard receivers were, however, merely embodiments of the circuits illustrated in the drawings of the parent application, and the drawings in Wheeler's paper were likewise those of the application. The question, as we view it, then is, whether the Stromberg-Carlson and the Howard receivers and the Wheeler paper constitute such public use, sale and printed description as deprive Wheeler of his right to monopoly under the terms of § 4886, or whether, under applicable law, the parent application sufficiently discloses the inventions of the patents in suit to validate their grant, if otherwise patentable.

The rule is that "where an invention clearly disclosed in an application * * * is not claimed therein but is subsequently claimed in another application, the original will be deemed a constructive reduction of the invention to practice and the later one will be given the filing date of the earlier, with all its priority of right." Chapman v. Wintroath, 252 U.S. 126, 40 S. Ct. 234, 236, 64 L.Ed. 491. No excuse need be shown for the delay in filing the divisional claims in the absence of intervening adverse rights. Crown Cork & Seal Co. v. Ferdinand Gutmann Co., 304 U.S. 159, 58 S.Ct. 842, 82 L.Ed. 1265; General Talking Pictures Co. v. Western Electric Co., 304

U.S. 175, 182, 58 S.Ct. 849, 82 L.Ed. 1273. While this rule has been strongly criticised, as in the dissent of Mr. Justice Black in the last cited case, and in the article of Theodore A. Seegrist styled "Delay in Claiming," 21 Patent Office Journal 741, 783, we must accept it as settled law, notwithstanding the criticism that failure to claim an invention, even though fully disclosed in an application, enables inventors to obtain the benefits of monopoly by means of such disclosure, and so extends the statutory period of patent protection. The rule is, of course, subject to the reservation that intervening rights will invalidate a later patent, even though disclosure is clear, and there has been no unreasonable delay in the claiming. There appears, however, to be no fixed rule as to what constitutes unreasonable delay, or whether intervening rights are limited to private adversary rights as distinguished from the rights of the public, as we found to be the case in Roos v. McMillan, 6 Cir., 64 F.2d 568. This uncertainty need not, however, presently detain us because there is here no reliance upon private intervening rights, the appellee basing its contention upon the failure of the parent application to disclose the inventions of the patents in suit, and upon public rights deriving from manufacture, sale and the Wheeler publication.

 It becomes important, therefore, in determining whether the divisional applications upon which the patents in suit issued may base their priority upon the original application, to consider the requirements of law for full and complete disclosure of inventions and whether or not such disclosure may be perceived in the basic application. Section 4888 R.S., 35 U.S.C.A. 33, provides that one applying for a patent "shall file in the Patent Office a written description of the same, and of the manner and process of making, constructing, compounding, and using it, in such full, clear, concise, and exact terms as to enable any persons skilled in the art or science to which it appertains, or with which it is most nearly connected, to make, construct, compound, and use the same; and in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; * * *" Insofar as it is now contended that the drawings of the original application, which were the basis for the Stromberg-Carlson and Howard receivers, and likewise for the Wheeler publication, fully disclose the inventions of the patents in suit, it is clear that, standing alone without clear and adequate description, such drawings are not enough to comply with the requirements of the statute, since the Supreme Court, speaking through Mr. Justice Brandeis in Permutit Co. v. Graver Corporation, 284 U.S. 52, 52 S.Ct. 53, 55, 76 L.Ed. 163, held that "while drawings may be referred to for illustration and may be used as an aid in interpreting the specification or claim, they are of no avail where there is an entire absence of description of the alleged invention, or a failure to claim it." This doctrine has recently been applied in Foxboro Co. v. Taylor Instrument Co., 2 Cir., 157 F.2d 226, 232. Whether a more liberal test should be applied to drawings as a disclosure when they are depended upon to support a divisional application which does supply a clear description, presents perhaps another facet of the problem. The answer of the Second Circuit in Good Roads Co. v. Charles Hvass & Co., 70 F.2d 625, apparently is that the tests to be applied are identical. Where, however, validity is challenged on the ground that a patent is anticipated by prior patents or prior public uses, it would appear that courts have accepted a different standard of disclosure based upon Loom Co. v. Higgins, 105 U.S. 580, 594, 26 L.Ed. 1177, which held that an invention relating to machinery may be exhibited either in a drawing or in a model so as to lay the foundation for a claim to priority, in consequence of which Judge Learned Hand was able to say in Jockmus v. Leviton, 2 Cir., 28 F.2d 812, 814, "We know of no rule that figures can never of themselves be an adequate anticipation of mechanical inventions". Here is apparently a paradox which disappears, however, once we view the Permutit rule as being response to a statutory imperative, a view applied by the same circuit in Benz v. Celeste Fur Dyeing and Dressing Co., 2 Cir., 156 F.2d 510, 511, certiorari denied 329 U.S. 736, 67 S.Ct. 101, 91 L.Ed. 635.

There it was said that cases like Crown Cork and Seal Co. v. Ferdinand Gutmann, supra, are not in point where there was not originally a sufficient disclosure.

██ Schriber-Schroth Co. v. Cleveland Trust Co., 305 U.S. 47, 573, 59 S.Ct. 8, 83 L.Ed. 34, a decision with which we are more than ordinarily familiar, holds that new matter may not be added to an application when adverse rights of the public have intervened. It relies upon Railway Co. v. Sayles, 97 U.S. 554, 24 L.Ed. 1053, which speaks with disfavor of "any attempts to enlarge the scope of an application once filed, * * * to appropriate that which has, in the meantime, gone into public use," and the necessity for full disclosure in a parent application in order to sustain a divisional patent, is stressed in National Hairdressers & Cosmetologists' Ass'n, Inc., v. Philad. Co., D.C., 41 F.Supp. 701, affirmed per curiam 3 Cir., 129 F.2d 1020, and Benz v. Celeste Fur Dyeing & Dressing Corporation, supra. While the Schriber-Schroth case deals with an amendment rather than with a divisional application we see no good reason for distinguishing between the two in respect to full disclosure, as a basis for the later grant. So thought Judge Denison in Wagenhorst v. Hydraulic Steel Co., 6 Cir., 27 F.2d 27, 28, when he suggested that "If what is technically new matter is embodied in either, that new matter must be supported by a new affidavit, and will take its filing date only from that embodiment."

 We have still to determine whether the drawings of the original application are in any wise aided by the specification therein so as to clearly disclose the inventions of the patents in suit. The 685 patent is for a peak detector which is a device having the property of permitting the flow of electrical current in only one direction. The whole concept of peak detection was included for the first time upon the filing of the divisional application. There five pages of the specification are devoted to explaining the operation of the peak detector, and the information therein set forth is not, upon careful analysis, to be found in the original application. All of the figures in this patent, except 1 and 2, are concededly new and added in 1931. The appellant is forced to rely upon the statement that figures 1 and 2 disclose all the essential elements of Wheeler's diode peak detector. That is not enough, and there is nothing else. The device of the 273 patent is for a combination of a high gain amplifier, a linear detector and an AVC system. The basic concept of this patent is that of confining the signal to a pre-set range through the combination of the three elements, but a careful reading of the 1927 application fails to disclose any reference to the combination of the three basic elements for any purpose, and there is no indication that a proper utilization of them in combination will result in confining the reproduced signal to the linear range of the characteristic curve. Even the original specification of the divisional application itself, filed August 27, 1932, failed to disclose these elements in combination or to suggest the result or device now claimed as novel.

We are forced to the conclusion that for want of full disclosure of the inventions of the patents in suit in the original application, the patents take no priority thereby, and that by reason of manufacture, sale and publication more than two years prior to the filing of the divisional applications, the patents granted thereon are invalid. The fact that the district judge made no findings and announced no conclusions upon this issue, does not require remand, since the record is complete. Muncie Gear Co. v. Outboard Marine Manufacturing Co., 315 U.S. 759, 766, 768, 62 S.Ct. 865, 86 L.Ed. 1171.

The decree is affirmed.