HAZELTINE RESEARCH, Inc. v. GENERAL MOTORS CORPORATION.

No. 10597.

United States Court of Appeals
Sixth Circuit.

Dec. 27, 1948.

·Laurence B. Dodds, of New York City (Paxton & Seasongood and Robert P. Goldman, all of Cincinnati, Ohio, and Leonard A. Watson, of New York City, on the brief), for appellant.

C. Blake Townsend and Drury W. Cooper, both of New York City, and Fred E. Jones, of Detroit, Mich. (Stephen H. Philbin and C. Blake Townsend, both of New York City, on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MARTIN, Circuit Judges.

PER CURIAM.

After announcing an opinion in the above-entitled cause, including an order for the affirmance of the judgment of the district court dismissing a complaint involving Wheeler divisional patent No. 1,951,685, and after considering and denying a petition for rehearing, we are presented with a communication entitled "Renewed Petition for Rehearing" in which eminent local counsel for appellant understandably do not join. Its unusual vehemence, its inexplicable assertion that decision was based upon an issue of fact not presented by the parties but interjected into the case for the first time in the court's opinion, and its intemperate assertion that this "transcends the bounds of fair administration of justice," compels a considered response.

Decision rested upon prior publication, use and sale beyond the permissible limits of the statute. The facts of publication, use and sale are not in controversy. Their legal effect upon the validity of the patent was and still is considered by us to raise a question of law. The issue in this respect was fully argued by senior counsel for the appellee. There was ample opportunity for response in the supplemental communications of the appellant to the court and in the original petition for rehearing. Our considered judgment was based upon a careful consideration of the disclosure of the original application, and finding therein no description of the invention of the patent in suit and adjudging the law to be that drawings alone are not sufficient to comply with the statutory imperative for full disclosure, we held the divisional patent invalid. Such was our matured judgment after full consideration of oral argument and briefs; such was our judgment upon consideration of the original petition for rehearing; such is still our judgment upon consideration of the renewed petition for rehearing; Wherefore,

The renewed petition for rehearing is denied.