**HAZELTINE RESEARCH, Inc. v. GENERAL ELECTRIC CO.**

No. 10070.

United States Court of Appeals
Seventh Circuit.

June 28, 1950.

Laurence B. Dodds, Little Neck, M. Hudson Rathburn, Chicago, Ill., Philip F. LaFollette, Madison, Wis., Leonard A. Watson, New York City, Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., of counsel, for appellant.

Stephen H. Philbin, Delavan P. Smith, New York City, Hamilton K. Beebe, Chicago, Ill., Essington, McKibbin, Beebe & Pratt, Chicago, Ill., Merton D. Morse,

Schenectady, N. Y., of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

FINNEGAN, Circuit Judge.

On April 13, 1949, plaintiff Hazeltine Research, Inc., brought this action in the United States District Court for the Northern District of Illinois, Eastern Division, against the defendants General Electric Company and R. Cooper, Jr., Inc., for infringement of patents numbered 1,951,685, 2,041,273 and 2,080,646. The complaint prayed for an injunction restraining further infringement by defendants, for an accounting, and for costs and reasonable attorneys' fees.

The defendants filed no answer to the complaint but on the 17th day of May, 1949, filed their motion for summary judgment, based on the complaint and the proceedings herein. On July 12, 1949, the defendants, by leave of court, amended their motion for summary judgment so that it read as follows:

"Come now the defendants, by their attorneys, and move upon the complaint and proceedings herein, the appeal record, including plaintiff's briefs, in Hazeltine Research, Inc., v. General Motors Co., 6 Cir., 170 F.2d 6, rehearing denied, 171 F.2d 680, certiorari refused; and pages 157 through 161, 200 and 201 of the record in the United States Supreme Court in Detrola Radio & Television Corp. v. Hazeltine Corp., 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319, profert thereof being made, for a summary judgment dismissing the present action, on the grounds that:

"(1) The first two Wheeler patents in suit, numbers 1,951,685 and 2,041,273 are invalid because of statutory bar (as decided in said case);

"(2) The third Wheeler patent in suit, number 2,080,646, is invalid for the same reason; and

"(3) The third Wheeler patent is invalid for want of patentable invention."

In opposition to the motion for summary judgment, the plaintiffs filed the affidavits of Professor Alan Hazeltine and William A. McDonald; the brief filed on appeal by General Motors in Hazeltine v. General Motors, 6 Cir., 171 F.2d 680; certified copies of the pleadings in Hazeltine v. General Electric, District Court of Maryland, Equity No. 2466, with petition of the parties for dismissal of said cause and order thereon; certified copies of the pleadings in Hazeltine v. General Electric, District of Columbia, No. 66,202 with order of dismissal therein; certified copies from Interference No. 60,839, Wheeler v. Simonds with decisions thereon, and appeal to Board of Appeals, and the decision of the Board of Appeals.

Both parties filed briefs on the motion for summary judgment, but the request of plaintiff for oral argument was denied by the District Court. On September 6, 1949, the District Court issued a memorandum which granted the motion and dismissed the action on the ground that:

"Patents Nos. 1,951,685 and 2,041,273 are invalid because of a two year statutory bar, and patent No. 2,080,646 is invalid, because of want of patentable invention."

Findings of fact and conclusions of law, apparently prepared by defendants' counsel, were signed by the District Judge and final judgment entered on October 21, 1949. This appeal followed.

Hazeltine contends: (1) That there is a very important and genuine dispute of fact between the parties as to the sufficiency of the disclosure of the drawings and specifications of the original Wheeler application to support the claims of patents numbered 1,951,685 and 2,041,273, (2) That the decision of the Court of Appeals for the Sixth Circuit in Hazeltine v. General Motors, 170 F.2d 6, is entitled to small consideration on the motion for summary judgment in the case at bar because no testimony was produced in that case as to the sufficiency of the disclosure of the original Wheeler application to support the claims here in suit. It further urges that it is entitled in this case to a retrial of the issue of validity of the patents involved in the General Motors case, (3) That there is a very genuine and important dispute as to the quantum of invention represented by the claims of patent No. 2,080,646, and that this

issue can be resolved only after a trial on the merits.

It appears from the record that the three patents here involved were issued upon the application of Harold A. Wheeler to his assignee, Hazeltine Corporation, the predecessor of plaintiff. The original application was filed on July 7, 1927, it was given serial number 203,879.

In the course of proceedings in the Patent Office, it developed that Wheeler's initial application disclosed the entire radio receiver circuit which he had built and also disclosed several alternate circuits, and that Wheeler's receiver included several independently patentable inventions. Under the rules of the Patent Office, in force at the time, the filing of a number of divisional applications, embodying the claims of the separable inventions, became necessary.

The application for patent No. 1,951,685 was filed on April 1, 1931. It was what is called a "continuation in part" that is, it repeats certain figures of the drawings and descriptions of the original application, and also includes drawings and descriptions of later modifications. It is the equivalent of a division of the original Wheeler application and under well settled law is entitled to the benefit of the original filing date. This patent issued on March 20, 1934.

The application for patent No. 2,041,273 was a true division of Wheeler's original application, divided and numbered 630,739, filed on August 27, 1932. This patent was issued on May 19, 1936.

Patent No. 2,080,646 was issued on Wheeler's original application of July 7, 1927, serial No. 203,879. It was issued on May 18, 1937 as a result of an equity suit against the Commissioner of Patents under Revised Statutes, sec. 4915, 35 U.S.C.A. § 63, reported as Hazeltine Corporation v. Coe, 66 App.D.C. 341, 87 F.2d 558.

It appears from the affidavit of Professor Hazeltine, filed by plaintiff in opposition to the motion for summary judgment, that if afforded a trial in this case, plaintiff will present, as to patents Nos. 1,951,685 and 2,041,273, evidence not offered and not relevant in the General Motors case to any issue considered on the trial of that case, which will establish that the disclosures repeated from the original Wheeler application comprise a complete and adequate description of the inventions claimed in the patents numbered 1,951,685 and 2,041,273.

In his affidavit filed in opposition to the motion for summary judgment Professor Hazeltine compares the original Wheeler application, by line and page with the specifications and drawings of patent No. 1,951,685 and points out that they are in many cases actually identical, and in others identical in substance so that the invention described in that patent is fully disclosed in the compared portion of the original Wheeler application carried over into said patent "in such full, clear, concise and exact terms as to enable any one skilled in the art to make and use the same." A similar comparison is made in the affidavit as to patent No. 2,041,273. It is attested that the three elements which combine to make the invention described in this patent are found in combination in the original Wheeler application. It is further attested that if a competent engineer constructed the combination of these elements described in the original application, he would necessarily realize the result desired by the said patent.

In the brief filed on behalf of appellees, it is said: "Plaintiff here, as in the General Motor litigation contends that the 1927 application contained the alleged inventive disclosures of the first two patents in suit. If this were so, defendants agree that the 'statutory bar' is not applicable."

It appears to us that a question of fact, extremely technical in nature, arises in connection with the initial Wheeler application. What did that application of July 1927 disclose? Do patents 1,951,685 and 2,041,273, here in suit, embody the disclosures made in that application? The plaintiff says they do—the defendants say they do not. In our opinion these divergent claims present a question of fact of decisive importance in the application of the statutory bar to patentability.

By reason of the extremely technical nature of the fact question involved, we feel as did the Court of Appeals in the

Second Circuit: "Were we skilled in the art it might be simple to determine whether there was any 'genuine issue' as to any material fact * * * but we lack that special knowledge which would permit us to read the patents so understandingly and this record is barren of proof to enable us to do so."

Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir, 181 F.2d 315–319.

■ As to Hazeltine v. General Motors, 6 Cir., 170 F.2d 6, it should be observed that the defense of "statutory bar" was not interposed in the District Court. It was not briefed or argued by either party and not even considered in the lower court. Consequently that decision is entitled to but little weight in the present proceedings.

In Triplett v. Lowell, 297 U.S. 638, on page 642, 56 S.Ct. 645, on page 647, 80 L.Ed. 949, it is said: "Neither reason nor authority supports the contention that an adjudication adverse to any or all the claims of a patent precludes another suit upon the same claims against a different defendant. While the earlier decision may by comity be given great weight in a later litigation, * * * it is not *res adjudicata* and may not be pleaded as a defense. Mast, Foos & Co. v. Stover Mfg. Co., 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856; Sanitary Refrigerator Co. v. Winters, 280 U.S. 30–35, 50 S.Ct. 9, 74 L.Ed. 147."

The disclaimer statute was involved in the Triplett case and after discussing the purpose of that statute, the court said 297 U.S. on page 643, 56 S.Ct. on page 648, 80 L.Ed. 949:

"But neither in terms nor by implication does it (the disclaimer statute) deny to a patentee the right to bring a second suit for the infringement of a claim already held to be invalid." * * *

"This Court has several times held valid the claims of a patent which had been held invalid by a Circuit Court of Appeals in an earlier suit brought by the same plaintiff against another defendant. Expanded Metal v. Bradford, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034; Diamond Rubber v. Consolidated Tire Rubber, 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527; Abercrombie & Fitch Co. v. Baldwin, 245 U.S. 198, 38 S.Ct. 104, 62 L.Ed. 240."

"Before the establishment of the Circuit Court of Appeals, an adverse decision as to the validity of a patent in one circuit appears not to have foreclosed litigation of the same issue in another, see [Washburn & Moen Mfg. Co. v. Beat 'Em All Barb Wire Co.,] Barbed Wire Patent, 143 U.S. 275, 12 S.Ct. 450, 36 L.Ed. 154; compare United States v. American Bell Telephone Co., 128 U.S. 315, 372, 9 S.Ct. 90, 32 L.Ed. 450. That it does not now is implicitly recognized by the practice established under Section 240(a) of the Judicial Code, 28 U. S.C.A. § 347(a) and Rule 38(5) of this Court, that certiorari will not usually be granted in patent cases unless there is a conflict in the decisions of Circuit Courts of Appeals."

"We conclude that neither the rules of common law applicable to successive litigations concerning the same subject-matter, nor the disclaimer statute, precludes relitigation of the validity of a patent claim previously held invalid in a suit against a different defendant."

The judicial history of Expanded Metal Co. v. Bradford, 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034, cited by the Supreme Court in the Triplett case, is instructive in this connection.

In the Expanded Metal litigation the Golding patent No. 572,242, covering a process for making reticulated sheet metal, was involved. The patent was held invalid by the Circuit Court of Appeals in the Third Circuit on September 10, 1906, 146 F. 984. The Circuit Court of the United States for the Northern District of Ohio, in Expanded Metal v. General Fireproofing Co., 157 F. 564, cited and relied upon the Third Circuit case and again held the patent invalid on August 6, 1907. However, the Circuit Court of Appeals in the Sixth Circuit reversed the Ohio United States Circuit Court and held the patent valid on October 16, 1908, 164 F. 849.

On certiorari the Supreme Court of the United States held the patent valid. 214 U.S. 366, 29 S.Ct. 652, 53 L.Ed. 1034.

Coming now to the consideration of patent No. 2,080,646, we observe that the District Court says in its findings of fact:

"In patent No. 2,080,646, the tuning meter, 10, is in a resonant circuit of a tube which is controlled by AVC. AVC systems were old before Wheeler, as evidenced by the Patent Office citation of Friis, 1,-675,848; Affel, 1,574,780 and Heising, 1,-823,360. The 2,080,646 patent is merely an aggregation of old elements, each acting independently, and with only old results so far as the tuning meter and the AVC are concerned.

"In Detrola Radio & Television Corp. v. Hazeltine Corp., 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319, the accused broadcast receiver had a 'tuning meter' in an AVC system, and claims 6 and 7 of the Wheeler patent there in suit, reissue 19,744, for such a 'tuning meter' system were held invalid.

"Patent No. 2,080,646 is invalid because of want of invention."

In considering these findings, it is only fair to note that all the proceedings and records in the Patent Office were before the Court of Appeals for the District of Columbia in Hazeltine Corp. v. Coe, 66 App.D.C. 341, 87 F.2d 558, together with all other evidence in that case to which no reference is made in this record.

The same, but no greater, comity should be extended to Hazeltine v. Coe as was extended to Hazeltine v. General Motors in the Sixth Circuit. In the Coe case the Court of Appeals for the District of Columbia expressly held that the claims of patent No. 2,080,646 were patentable.

In our opinion the decision in Hazeltine v. Detrola, 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319, has little or no relevancy to the patentability of claims in patent No. 2,080,646. In that case, claims 6 and 7 of Reissue Patent No. 19,744 were involved. The patent, however, was directed only to a specific form of automatic volume control system.

The Supreme Court did not refer specifically to those claims or to the visual resonance indicator. It may be deduced that if the Court considered the point, it considered that the addition of the visual resonance indicating feature to combination claims, drawn to a specific automatic volume control system, did not constitute combination claims to a new and different automatic volume control system.

 The record in the case at bar is such that we are unable to say with any degree of certainty that there are here no contested issues of material fact. We have grave doubts and they should be resolved against the party moving for summary judgment. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130–135.

On such a motion the court's function is not to decide issues of fact but merely to determine whether there is an issue of fact to be tried. Hunter v. Mitchell, D.C.Cir., 180 F.2d 763.

We do not express an opinion on the validity of the patents involved, but we do believe that plaintiff should be given an opportunity to make a record in the District Court so that their validity may be adequately investigated.

The judgment is reversed and the cause is remanded to the District Court for further proceedings consistent herewith.