**ALWARD v. JORDAN MARSH CO.**

Civ. No. 52–113.

United States District Court
D. Massachusetts.

April 13, 1953.

Hector M. Holmes, H. L. Kirkpatrick and Fish, Richardson & Neave, Boston, Mass., for plaintiff.

Herbert P. Kenway, Boston, Mass., Sidney W. Russell, Washington, D. C., of counsel, for defendant.

FORD, District Judge.

Plaintiff brings this action for infringement of his U. S. Patent No. 2,178,385 for a clothes wringer and washer. The patented device may be briefly described as consisting of a container, preferably of metal, through the center of which runs a foraminous pipe with a foraminous cone at the top thereof. Inside the container is an air-tight collapsible bag which surrounds the pipe. Clothes to be rinsed are placed in the bag, which can then be filled with water. Means are provided for applying pressure to compress the bag, as by forcing air into the space between the wall of the container and the outer surface of the bag. This pressure squeezes the bag with its load of clothes around the pipe, driving out the water which escapes through the holes into the pipe and is carried off through an opening at the bottom of the machine.

Defendant moves for summary judgment on the grounds that the patent is invalid as having been illegally procured in

violation of Rules 31 and 46[1] of the Patent Office.

As to certain of the facts, there is no dispute. On December 31, 1938, plaintiff properly executed under oath the patent application which had been prepared by his counsel, and returned the paper to counsel, together with a letter suggesting certain changes to be made in the specification. Counsel in fact did make certain additions to the specification, and the application as thus amended was filed without any further oath having been executed thereto by the applicant.

The additions which plaintiff concedes were thus made to the specification after the oath had been executed pointed out that the curve of the tube and funnel approximated that of the inside of the tank, thus preventing any stretching strain on the bag, that rinsing water could be fed into the bag from the top as well as from the bottom, that unlike prior art rinsers this device creates no vacuum to restrict the outward flow of the water, that springs of proper value and serrations on the underside of an ear on the tank should be provided as a safety device to allow escape of air when excess pressure was built up in the tank, and that the air vent valve shown in the drawings could be replaced by some other type of ordinary valve.

■ The statute, 35 U.S.C.A., § 35, requires the application to be supported by the oath of the inventor, and where the substance of the invention is disclosed not in the sworn application but in an unsworn amendment added by the applicant's attorney, the patent is void. Steward v. American Lava Company, 215 U.S. 161, 168, 30 S.Ct. 46, 54 L.Ed. 139. But the statute and Rule 31 do not require a supplemental oath where the changes in the application are formal and immaterial. Lindstrom v. Ames, 37 App.D.C. 365. Where the same invention is disclosed in original application and in the amended application, no further oath is necessary. De La Vergne Refrigerating Machine Co. v. Featherstone, 147 U.S. 209, 13 S.Ct. 283, 37 L.Ed. 138; Sutherland Paper Co. v. Grant Paper Box Co., 3 Cir., 183 F.2d 926.

■ Defendant contends that the additions admittedly made to Alward's application were substantial and material. Plaintiff argues that they were not. That is a material issue of fact on which the parties are in dispute. The patent itself is the only evidence before the court bearing on this issue, and unless the study of the patent leaves no doubt that the additions were material and substantial, summary judgment should not be granted. Peckham v. Ronrico Corporation, 1 Cir., 171 F.2d 653, 657; Doehler Metal Furniture Co., Inc. v. United States, 2 Cir., 149 F.2d 130, 135. This is particularly true in a case like the present one, since the question of whether an amendment to a patent application constitutes a material change or addition is often a difficult one. Harries v. Air King Products Co., 2 Cir., 183 F.2d 158, 160; Hazeltine Research, Inc. v. General Electric Co., 7 Cir., 183 F.2d 3, 5, 6. The patent here in suit may not present the technical complexities of those involved in the cases cited. Nevertheless, it is not clear that the question of the materiality of the additions made to the application can be properly resolved without the aid of expert testimony in explanation of the patent. Furthermore, to decide on the materiality of these additions, it may be necessary to consider them in the light of what advance over the prior art this patent purports to disclose. In the absence of any evidence as to the state of the prior art, this would be impossible.

1. Patent Office Rule 31. "Every application signed or sworn to in blank, or without actual inspection by the applicant of the petition and specification, and every application altered or partly filled up after being signed or sworn to, will be stricken from the files."

Patent Office Rule 46. "The applicant, if the inventor, must make oath or affirmation that he does verily believe himself to be the original and first inventor or discoverer of the art, machine, manufacture, composition, or improvement, or of the variety of plant, for which he solicits a patent; that he does not know and does not believe that the same was ever known or used before his invention or discovery thereof, * * *."

The issue raised by this motion is therefore not an appropriate one for summary judgment.

Motion for summary judgment denied.