**SPONGE PRODUCTS CORPORATION and The Fuller Brush Company**

v.

**Frederick V. FOWLER and Stanton Supply Co., Inc.**

**Civ. A. No. 55–931.**

United States District Court
D. Massachusetts.
April 5, 1956.

A. Donham Owen, San Francisco, Cal., for plaintiff. Harry L. Kirkpatrick, W. R. Hulbert, Fish, Richardson & Neave, Boston, Mass., of counsel.

Porter, Chittick & Russell, Robert B. Russell, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for infringement of U. S. Patent No. 2,667,653, issued February 2, 1954 to plaintiff Fuller Brush Company as assignee of LeFebvre, for a combined mop and wringer. Defendants move for summary judgment on the ground that its allegedly infringing product cannot infringe any valid patent because it contains only construction techniques shown alone or in combination in expired patents and hence in the public domain. They contend further that this is so clearly evident from a mere comparison of their mop with the teachings of the expired patents that the case is an appropriate one for decision by summary judgment. Brisk Waterproofing Co., Inc., v. A. Belanger & Sons, Inc., 1 Cir., 209 F.2d 169.

The court has before it on this motion the LeFebvre patent; four expired patents on which defendants rely, viz., Jelenfy's 1936 U. S. Patent No. 2,044,075, Johnson's 1925 U. S. Patent No. 1,551,-668, Hillier's 1902 British Patent No. 6435, and Arnheim's 1933 French Patent No. 739,099; a mop of plaintiffs allegedly manufactured under the LeFebvre patent, two examples of defendants' allegedly infringing mops, and a model constructed by defendants purporting to be in accordance with the instructions of the Hillier patent.

The LeFebvre mop may be described as consisting of three principal parts, a mop handle, a mop unit, and a wringer unit, the latter two being easily detachable from the handle to allow use of the mop without the wringer and to facilitate separate replacement of worn units. The mop unit consists essentially of a rectangular block of cellulose sponge attached to a backing plate to which the mop handle is attached at a 45° angle. The wringer member is a metal plate hinged or pivoted to the backing plate at a point to the upper rear of the sponge block, this pressure plate being set away from the pivot a distance less than the thickness of the sponge by a connecting portion which is set at an angle to the surface of the operative plate itself. A handle is provided by which the squeezing plate is moved and which snaps onto the mop handle to hold the squeezing member out of the way during mopping operation. The squeezing operation is performed by swinging the pressure plate around the pivot so that it moves downward and forward until it engages the rear lower edge of the sponge and then moves forward and upward gradually compressing the sponge from rear to front and driving out excess water. Without prejudging the question of infringement, the defendants' mops may be described as being of generally similar construction.

Defendants rely principally on the Hillier patent as showing the construction which they employ in their mop. Hillier shows a long-handled scrub brush with the body of the brush having a rounded back to which is fixed a sponge pad to be used for mopping. A flat board or plate is hinged to the back of the brush just above the pad. This is connected by a rod to a lever arm pivoted half way up the brush handle, so that the raising of the lever by its handle pushes the plate down on the sponge pad to squeeze out the water. When this structure is held so that the face of the sponge pad is downward toward the floor, as it would be when the device is used for mopping, then the hinge is at the top and rear of the pad, and the moving of the plate during the squeezing operation would be downward and forward, tending to force water out through the front and bottom of the sponge pad.

Hence, defendants argue, the squeezing operation of Hillier is essentially the same as that used in their mops. Details in which it differs from Hillier's construction were all disclosed by other expired patents. Attaching the sponge to a square wooden block rather than to the rounded back of a brush was shown in Arnheim, the use of a curved squeeze plate was shown in Johnson, and the snap-on handle was disclosed by Jelenfy

Plaintiffs' argument has stressed one feature of the LeFebvre patent, that by which the squeezer element is constructed with the operative pressure plate separated from the pivot by a connecting portion set at an angle to the plane of the pressure plate itself. This, plaintiffs say, is the nub of the claimed invention because it is this feature which causes the pressure plate to squeeze the sponge with a peculiar forward and upward motion which causes the water to flow out through the front end of the sponge and flush out the dirt which during mopping is picked up mostly at the front of the sponge. This structural feature, the resultant mode of operation, and the consequent improvement in the result of the squeezing operation constitute the claimed significant advance of LeFebvre over the prior art.

This feature certainly does not appear in the Hillier patent. Hillier shows a perfectly flat squeezing board or plate with the hinge attached directly to the end of it. Nowhere is there any indication of any separation of the plate from the hinge by any obliquely positioned connecting portion. In the defendants' mops it clearly appears that the operative portion of the squeezer plate is separated from the pivot by a connecting portion which is at an angle to the plane of the operative portion. It certainly cannot be held, on the basis of mere inspection of Hillier and the defendants' mops that this structural difference is of no significance. That is a question which can be determined only by the aid of expert testimony as to the operational difference which plaintiffs say results from this structural feature, and perhaps only after a fuller consideration of all the prior art in what appears to have been a crowded field. There are present here genuinely triable issues which should not be resolved on a motion for summary judgment. Bridgeport Brass Co. v. Bostwick Laboratories, Inc., 2 Cir., 181 F.2d 315, 316; Alward v. Jordan Marsh Co., D.C., 111 F.Supp. 758, 759.

Defendants' motion for summary judgment is denied.