LIGGETT & MYERS TOBACCO COMPANY, INC. *v.* MEYER.

[No. .14,880. Filed February 14, 1935. Rehearing denied June 3, 1935. Transfer denied December 18, 1935. Petition to reconsider denied February 3, 1936.]

*Robert A. Adams, Charles C. Cox, Sanford Trippet* and *Hatfield & Roberts,* for appellant.

*McDonald & McDonald* and *Winfield K. Denton*, for appellee.

CURTIS, J.—This action was commenced in the Vanderburgh Circuit Court by the appellee filing his complaint therein against the appellant, which complaint, omitting formal parts, is as follows:

"The plaintiff complains of the defendant and says, that the defendant is now and was at all times herein mentioned a corporation, duly organized and incorporated and engaged in the business of selling Chesterfield cigarettes.

"That in order to increase the sale of said cigarettes, the defendant carries on an extensive advertising campaign in newspapers and magazines; that on or about the 3rd day of December, 1925, the plaintiff made an offer to said defendant, which is in words and figures, which follows, to-wit: 'I am submitting for your approval an original advertising scheme to be used in the way of billboard advertising. The idea consists of this: Two gentlemen, well groomed, in working clothes or in hunting togs apparently engaged in conversation, one extending to the other a package of cigarettes saying, "have one of these," the other replying, "no thanks; I smoke Chesterfields."

" 'I trust that this idea will be of sufficient value as to merit a reasonable charge therefor.

" 'Awaiting your reply, I remain.'

"That on or about the 21st day of July, 1928, defendant accepted said offer, by placing an advertising scheme, a copy of which is attached hereto, marked 'Exhibit A,' incorporated herein, and made a part hereof, in all the daily newspapers and magazines published in the United States and Canada.

"That this plaintiff demanded that the defendant pay him a reasonable charge for suggesting such advertising scheme, and that the defendant has failed to so pay him;

that a reasonable charge for presenting and suggesting such advertising scheme in view of its extensive use by the defendant and the business in which the defendant was engaged is twenty-five thousand ($25,000.00) dollars, and that said sum of twenty-five thousand ($25,000.00) dollars is now due and owing from the defendant to the plaintiff.

"Wherefore plaintiff demands judgment against the defendant in the sum of twenty-five thousand ($25,000.00) dollars and for all other proper relief."

Exhibit A, which was attached to the complaint, was a picture of two men and a caddy with golf clubs, one man having an open cigarette case, and the other with a package of Chesterfields, and the slogan "I'll stick to Chesterfields"; underneath was the following printing: "Mild enough for anybody and yet they satisfy. Chesterfield" and other advertising matter.

The appellant filed to the first paragraph of complaint, a demurrer, for want of sufficient facts, the memoranda of which is as follows:

### "MEMORANDA.

"1.  The complaint fails to allege or disclose that the alleged advertisement marked 'Exhibit A,' and made a part thereof, incorporated the original advertising idea or scheme to be used in the way of billboard advertising as submitted by plaintiff.

"2.  The complaint does not state any facts showing that by the alleged acceptance by the defendant of the alleged offer by the plaintiff, the defendant adopted in the advertisement marked 'Exhibit A' and made a part of the complaint, the original advertising scheme or idea to be used in the way of billboard advertising, as set out in plaintiff's complaint.

"3.  The complaint fails to allege or disclose that the advertisement marked 'Exhibit A' and made a part of

the complaint was the result of or an acceptance of the original advertising scheme or idea as submitted by the plaintiff.

"4. The complaint fails to allege or disclose that the advertisement marked 'Exhibit A' and made a part of the complaint, was used in the same medium of advertising suggested by plaintiff, as set out in the complaint.

"5. The complaint fails to show by the use of the advertisement marked 'Exhibit A' and made a part thereof, an acceptance of the advertising plan, scheme or idea to be used in the way of billboard advertising as submitted by plaintiff."

The Vanderburgh Circuit Court overruled this demurrer, to which ruling the appellant excepted. This ruling of the court is one of the errors assigned and relied upon for reversal.

The appellant then answered this first paragraph of complaint by answer of general denial. These proceedings were had in the Vanderburgh Circuit Court, and the appellant then filed a motion for change of venue from the county, which was sustained and the cause venued to Posey County and the appellee there filed a second paragraph of complaint, to which the appellant filed a demurrer which the court sustained and the appellee then filed an affidavit for change of venue from the county and the cause was venued to Gibson County.

In the Gibson Circuit Court the appellee filed a "third paragraph" of complaint as follows: "The plaintiff complains of the defendant and says: That the defendant is now and was at all times herein mentioned a corporation, duly organized and engaged in the business of selling Chesterfield cigarettes.

"That in order to increase the sales of said cigarettes, the defendant carries on an extensive advertising campaign in newspapers and magazines, and by posting billboards, distributing window show cards and small post-

ers; that on or about the 3rd day of December, 1925, the plaintiff made an offer to said defendant, which is in the words and figures, as follows, to wit:

" 'I am submitting for your approval an original advertising scheme to be used in the way of billboard advertising.

" 'The idea consists of this: Two gentlemen, well groomed in working clothes or in hunting togs apparently engaged in conversation, one extending to the other a package of cigarettes, saying, "Have one of these," the other replying, "No, thanks; I smoke Chesterfields."

" 'I trust that this idea will be of sufficient value as to merit a reasonable charge therefor.

" 'Awaiting your reply, I am.'

"That on or about the — day of July, 1928, defendant accepted said offer, by placing an advertising plan or design a copy of which is attached to the first paragraph of complaint herein, marked 'Exhibit A,' incorporated herein, and made a part hereof, in all the daily newspapers and magazines published in the United States and Canada.

"That on or about the same time defendant also accepted said offer by preparing an advertising plan or design, a copy of which is attached hereto, marked 'Exhibit B,' incorporated herein, and made a part hereof; that said advertising plan or design was published in three different classifications or varieties. The first was on thin paper and of the same size and design as 'Exhibit B,' filed herewith, and was to be posted in windows and places where cigarettes were sold, and defendant distributed and posted in such places ——— thousand copies of same through the United States and Canada.

"The second was of the same design as 'Exhibit B' filed herewith, but was much larger, being of a size that could be posted on billboards, and defendant posted ——— thousand copies of the same on billboards

throughout the United States and Canada. The third was of the same design as said 'Exhibit B,' was reproduced in various sizes and was on cardboard; so that such advertisements could be placed in windows and places where cigarettes were sold without being posted, and the defendant distributed and placed in such places ———— thousand copies of the same throughout the United States and Canada.

"That this plaintiff demanded that the defendant pay him a reasonable charge for suggesting such plan or design for said advertisements, but that the defendant has failed to so pay him; that at all times herein mentioned it was the custom of the trade in the advertising business to fix the value of a particular advertising plan or design used at an amount equal to ten per cent of the total cost of said advertising; that a reasonable charge for presenting and suggesting such advertising plan or design, in view of its extensive use by the defendant, and the business in which defendant was engaged and the cost of said advertising to it, is twenty-five thousand ($25,000.00) dollars, and that said sum of twenty-five thousand ($25,000.00) dollars is now due and owing from the defendant to the plaintiff.

"Wherefore, plaintiff demands judgment against the defendant in the sum of twenty-five thousand ($25,-000.00) dollars and for all other proper relief."

Said Exhibit A was attached to the first paragraph, and is heretofore described.

Said "Exhibit B" is a picture of two women and a man one woman with an open cigarette box and the other with merely a package of "Chesterfields," and the man is taking a "Chesterfield" out of the package. Slogans at the top and bottom of the picture are "I'd rather have a Chesterfield." "They satisfy." Photographic copies of said exhibits are here inserted.

To this third paragraph of complaint, the appellant

filed a demurrer for want of sufficient facts. The memoranda is as follows:

"1. The third paragraph of complaint fails to allege or disclose that the alleged advertisements marked 'Exhibit A,' and 'Exhibit B,' each incorporated in and made a part of the third paragraph of complaint, involved or incorporated therein the original advertising idea or scheme as submitted for approval of defendant by plaintiff in his letter of December 3, 1925, set out in the third paragraph of complaint.

"2. The third paragraph of complaint fails to allege or disclose any facts showing that the defendant, by his alleged acceptance of the alleged offer, made by the plaintiff in his letter of December 3, 1925, adopted the original advertising scheme or idea submitted for the approval of defendant by plaintiff's letter of December 3, 1925, as set out in the third paragraph of complaint and used the same in the advertisement marked 'Exhibit A' and 'Exhibit B,' each incorporated in and made a part of the third paragraph of complaint.

"3. The third paragraph of complaint fails to allege or disclose that the advertisements marked 'Exhibit A' and 'Exhibit B' each incorporated in and made a part of the third paragraph of complaint, were the result of the acceptance by defendant of the alleged original advertising scheme or idea, submitted for the approval of defendant by plaintiff in his letter of December 3, 1925, set out in the third paragraph of complaint.

"4. The third paragraph of complaint disclosed that the advertisements marked 'Exhibit A' and 'Exhibit B' each incorporated in and made a part of the third paragraph of complaint, were prepared for and used as other and additional media of advertising than that suggested by plaintiff as set out in the third paragraph of complaint.

"5. The third paragraph of complaint fails to allege

or disclose by the use of the advertisements marked 'Exhibit A' and 'Exhibit B,' each incorporated in and made a part of said third paragraph of complaint, an acceptance by defendant of the advertising plan, design, scheme or idea as submitted for the approval of defendant by the plaintiff in his letter of December 3, 1925, set out in said third paragraph of complaint.

"6. The third paragraph of complaint fails to allege or disclose that the alleged offer of plaintiff, submitted for the approval of defendant, in plaintiff's letter of December 3, 1925, set out in the third paragraph of complaint, was merchantable or subject to such acceptance by any person, firm or corporation as to create a contract between such person, firm or corporation and the plaintiff herein.

"7. The third paragraph of complaint fails to allege or disclose any property right in the original advertising scheme or idea submitted for the approval of defendant by plaintiff in his letter of December 3, 1925, as set out in the third paragraph of complaint."

This demurrer was overruled and appellant excepted and this ruling of the court is assigned as one of the errors relied upon for reversal. The appellant answered this paragraph by a general denial. The cause was then submitted for trial to a jury upon the said first and third paragraphs of complaint and the answers of general denial thereto. A verdict was returned for the appellee and against the appellant in the amount of nine thousand ($9,000.00) dollars, upon which a judgment was entered. The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected. The errors relied upon for reversal are as follows: "1. The Vanderburgh Circuit Court of Indiana erred in overruling appellant's demurrer to appellee's original complaint. 2. The Gibson Circuit Court of Indiana erred in overrul-

ing appellant's demurrer to appellee's third paragraph of complaint. 3. The Gibson Circuit Court of Indiana wherein this cause was tried erred in overruling appellant's motion for a new trial. Under the general assignment of error in overruling appellant's motion for a new trial, the appellant seeks to present errors covering the motion for a new trial as follows: (a) Giving of appellee's requested instruction one; (b) Giving appellee's requested instruction 3; (c) Giving appellee's requested instruction 4; (d) Refusal to give appellant's requested instruction 4; (e) Refusal to give appellant's requested instruction 1; (f) The verdict is not supported by the evidence; (g) The verdict is contrary to law; (h) Error of the trial court in overruling appellant's objections to the witness Charles W. Mears answering the question if he was the one whom the Ohio Judge, in the Northeastern Reporter, so highly complimented, being ground 19 of the motion for a new trial."

Under Propositions 1 and 2 of the appellant's brief it has presented for review the rulings of the trial court on the demurrers which it filed to the first and third paragraphs respectively of the complaint.

To these propositions the appellant has addressed 35 points with authorities in its brief. Some of these points are mere abstract propositions of law with authorities in support thereof with no application to the case. These, of course, present no question. Others have been applied. Enough have been presented to call in question the sufficiency of the complaint to show an offer and acceptance; whether or not the appellee had any property right in the idea or scheme as it was offered by him to the appellant; whether or not the idea or scheme was merchantable and whether or not the complaint sufficiently alleges an appropriation by the appellant of a property right owned by the appellee under such circumstances as would raise an obligation to

pay for same. The complaint does not allege any express promise on the part of the appellant to pay the appellee for the idea or scheme. We think each paragraph of the complaint sufficient to withstand the demurrers addressed thereto. Certainly the thing offered by the appellee must be such as that he has a property right therein which he can sell and certainly there must be an offer and acceptance and in the absence of an express agreement to pay there must be alleged such a use of the property right of the appellee by the appellant as would raise an obligation to pay for the same. We think the complaint entirely sufficient in these respects. This is a common law action. The rules of the common law are continually changing and expanding with the progress of the society in which it prevails. It does not lag behind but adapts itself to the conditions of the present so that the ends of justice may be reached. While we recognize that an abstract idea as such may not be the subject of a property right, yet when it takes upon itself the concrete form which we find in the instant case it is our opinion that it then becomes a property right subject to sale. Of course it must be something novel and new, in other words, one cannot claim any right in the multiplication table. (See: *Funk* v. *U. S.* [1933], 290 U. S. 371, 54 S. Ct. 212; *Thompson* v. *Famous Players-Lasky Corporation* [1925], 3 Fed. [2nd] 707; *New Jersey State Dental Society* v. *Dentacure Co.* [1898], 57 N. J. Eq. 593, 41 Atl. 672; *Jenkins* v. *News Syndicate Co.* [1926], 219 N. Y. S. 196; *International News Service* v. *Associated Press* [1918], 248 U. S. 215, 39 S. Ct. 68, 63 L. Ed. 211; *Fisher* v. *Star Co.* [Mutt and Jeff cartoons], [1921], 231 N. Y. 414, 132 N. E. 133; *Thompkins* v. *Hallich* [1882], 133 Mass. 32; *Ipswich Mills* v. *Dillon* [1927], 260 Mass. 453, 157 N. E. 604.)

We cannot say as a matter of law that either para-

graph of the complaint is insufficient for want of facts. The demurrers were correctly overruled.

It is strongly urged by the appellee that the instructions are not a part of the record and have been improperly incorporated in the transcript and that no question is presented to this court for review concerning said instructions. They have not been made a part of the record by a bill of exceptions, neither have they been brought in under the provisions of section 717, Burns 1926, §2-3223, Burns 1933. If they are in the record they have been brought in by virtue of sections 584, 585, or 586 of Burns 1926, §§2-2008, 2-2009 or 2-2010, Burns 1933.

That part of section 586, *supra,* which is of controlling effect in the determination of the question is as follows:

"All instructions requested shall be plainly written and numbered consecutively and signed by the party or his counsel. The court shall indicate, before instructing the jury, by a memorandum in writing, at the close of the instructions so requested, the numbers of those (to be) given and of those (to be) refused, and such memorandum shall be signed by the judge. All instructions given by the court of its own motion shall be in writing when either party has requested that the court instruct the jury in writing in the cause before the commencement of the argument thereof, and, when given in writing, shall be numbered consecutively and signed by the judge. . . . All instructions requested, whether given or refused, and all instructions given by the court of its own motion, shall be filed with the clerk of the court at the close of the instruction of the jury. Exceptions to the giving or refusing of instructions may be taken at any time during the term, and the same may be taken orally and entered upon the record or minutes of the court, or in writing at the close of the instructions requested or given by the court of its own motion, in which case, the party excepting, or his counsel, shall enter at the close of such instructions, a memoran-

dum, which shall be dated and signed, setting forth, in substance, that such party excepts to the giving or refusing, as the case may be, of each of the above instructions, designated by its number. All instructions requested as herein provided, whether given or refused, and all instructions given by the court of its own motion, together with all exceptions taken to the giving or refusing of instructions as herein prescribed, and all entries upon the minutes or records of the court in respect to such instructions and exceptions, shall be a part of the record without any bill of exceptions and, as such, may be included in the transcript on appeal."

It is the appellee's contention that the transcript affirmatively shows by the language used by the trial judge that the memorandum which he signed was signed some time after the jury had been instructed and not before such time as required by said section. The record thereon is as follows: "Of the instructions tendered by the plaintiff the court gave to the jury those numbered 1, 3, and 4 and each of them and refused to give and did not give the one numbered 2. Signed Claude A. Smith, Judge." The same record was made as to the defendant's tendered instructions except as to the numbers of the instructions given and refused. It is true that the language of the memorandum signed by the judge in each instance was in the past tense and for that reason tends to support the appellee's contention. But this court upon the request of one of the parties issued a writ of certiorari to the clerk below commanding him to make and certify to this court true and correct copies of all entries appearing on the order book of said court "referring to or relating in any way to the giving, refusing to give, filing or entering of record, or ordering filed and entered of record of any or all of the instruction, etc." The return to the writ clearly shows that the memoranda made by the trial judge were made before the jury was instructed as provided in said section of the statute. We quote a part of said return as follows:

"Come again the parties in person and by counsel as heretofore, and comes also the jury, and before the beginning of the argument, of the instructions tendered and requested by the plaintiff the court indicates that it will give to the jury those numbered 1, 3, and 4 and each of them, and that it will refuse and will not give instruction number 2; and of the instructions tendered and requested by the defendant, the court indicates that it will give those numbered 2 and 3, and each of them, and that it will refuse to give, and will not give, those numbered 1, 4, 5, and 6, and each of them; and at the same time the court indicates that it will give of its own motion its instructions numbered 1, 2, 3, 4, 5, and 6, and each of them." The return then shows the giving of the instructions above indicated by the court, with proper exceptions to both the appellant and appellee as to those given and refused, and follows with this statement: "And now said instructions above referred to, including those given and those refused, are now, each and all by the court filed with the clerk of this court in open court and made a part of the record of this cause." We think the appellee is in error. The instructions are in the record and are properly before us for review. See: *Morgan Construction Company* v. *Dulin* (1916), 184 Ind. 652, 109 N. E. 960.

Complaint is made by the appellant that the court erred in giving each of instructions numbered ▆▆ 1, 3, and 4 tendered by the appellee. They are as follows:

"Instruction No. 1. The court instructs the jury that one who knowingly receives, retains and uses, or otherwise deals with as his own, property or goods sent him by another, under such circumstances as indicate a sale thereof is intended, cannot escape liability to pay therefor, even though not expressly ordered or contracted for, by advising the sender that he does not want such prop-

erty or goods, if in fact such person retains and uses, or otherwise deals with such goods or property as his own.

So in this case, if you find from a fair preponderance of the evidence that the defendant Liggett and Myers Tobacco Company, Inc., knowingly received from the plaintiff, James H. Meyer, in December, 1925, an original advertising scheme, under such circumstances as indicated a sale thereof to said defendant was intended by said Meyer, and knowingly retained and used said scheme, or returned the same over to its regular advertising agency for its use, or otherwise dealt with such scheme as its own property, then under such circumstances you are instructed that said defendant could not escape liability for payment for said property by advising the plaintiff that it did not want to use such advertising scheme; and if no price was named by the parties therefor, under the circumstances set forth above, said defendant would be liable for the reasonable value of said advertising scheme, if shown by the evidence.

"Instruction No. 3. The court instructs the jury that where one sends or delivers goods to another, without an express contract or order therefor, but under circumstances which indicates a sale is intended, and the one to whom the goods are sent or delivered, with knowledge of the facts, retains and uses, or otherwise deals with them as his own, a contract of sale and purchase will be implied; and the court further instructs you that if no purchase or sale price be named between the parties, the implied contract is for a reasonable price, or in other words, the reasonable value of the goods.

"So, in this case, if you find from a fair preponderance of the evidence that the plaintiff James H. Meyer sent to the defendant, Liggett and Myers Tobacco Company, Inc., on or about the 3d day of December, 1925, an original advertising scheme, under such circumstances as indicated a sale thereof was intended, and if

you further find from a fair preponderance of the evidence that said defendant, with knowledge of said intended sale, if any, retained said original advertising scheme so sent it, if any, and used, or turned the same over to its regular advertising agency for its use, or otherwise dealt with the same as its own property, then under such circumstances you are instructed that such conduct on the part of said defendant, if established by a fair preponderance of the evidence, constituted a contract of sale and purchase of said advertising scheme between said parties.

"And the court further instructs you that this would be true even though said defendant had not expressly ordered or contracted for said advertising scheme.

"You are further instructed that if you find from a fair preponderance of the evidence that there was no price named between the parties for said advertising scheme, if any, then the defendant, under the circumstances set forth above, must be deemed to have agreed to pay, and said plaintiff to accept therefor the reasonable value of said advertising scheme.

"Instruction No. 4. In the event you find for the plaintiff, it will then become your duty to assess the amount of damages to which he is entitled in this case.

"In determining the amount of damages, you have the right to take into consideration the amount of money which said defendant expended in using the original advertising scheme furnished it by the plaintiff, if any, the extent to which said advertising scheme was used by said defendant, if shown by the evidence, any custom of the advertising business with regard to the compensation usually paid for such property, if any shown by the evidence, together with any other evidence before you bearing upon the issue of damages, and award the plaintiff such an amount as you may find from a fair preponderance of the evidence bearing upon that issue to be

the reasonable value of the original advertising scheme sent by the plaintiff to the defendant and kept, retained and used by said defendant as shown by the evidence, not exceeding, however, the sum of twenty-five thousand dollars, prayed for in the complaint."

We have read these instructions, keeping in mind the allegations of the complaint, the evidence and the other instructions given in the cause. They are not all models of precision but they are within the issues and the evidence and when they are considered along with the other instructions given in the case as they must be we conclude that no reversible error was made by the court in giving each of them.

The court refused to give each of appellant's requested instructions numbers 1 and 4. Number 1 of said instructions was a peremptory instruction to find for the appellant on paragraph 1 of the complaint. The giving of this instruction would have been an invasion of the province of the jury by the court. It was correctly refused. Number 4 was as follows: "Instruction No. 4. I instruct you that if you find from a preponderance of the evidence in the case that the letter of the plaintiff, under date of December 3, 1925, to the defendant company was a mere proposal, and that no negotiations between plaintiff and defendant followed therefrom, and that said proposal was not accepted by the defendant company within a reasonable time thereafter, nor in accordance with the terms thereof, the plaintiff is not entitled to recover herein, and your verdict should be for the defendant." Aside from the fact that the instruction itself is erroneous by reason of the words "within a reasonable time thereafter" the subject matter of the correct portions of the instruction were embodied in other instructions given by the court. There was no error in refusing to give it. The court gave to the jury instruction number 2 tendered

by the appellant which is as follows: "Instruction No. 2. The plaintiff's action herein is based upon an alleged contract, and I instruct you that plaintiff cannot recover herein upon his said complaint unless you find from the preponderance of the evidence that a contract existed between the plaintiff and defendant concerning the subject matter of this suit. And I instruct you that you would not be authorized to find that a contract existed between the parties hereto, unless a preponderance of the evidence establishes that the minds of the plaintiff and defendant met upon and agreed to all the essential features and elements of the contract referred to in plaintiff's complaint, and if such meeting of the minds has not been established by a preponderance of the evidence, the plaintiff is not entitled to recover herein, and your verdict should be for the defendant."

On the whole we think the jury was fully and fairly instructed by the court. The verdict is amply sustained by the evidence which follows closely the allegations of the complaint. There was an abundance of evidence to the effect that the advertising scheme or plan offered by the appellee to the appellant was of merchantable value. Some of the witnesses placed its value much higher than the amount of the verdict. There was evidence from which the jury could conclude that the appellant used the plan or design in an extensive advertising campaign over the entire country amounting to several hundred thousand dollars. It is true that the appellant introduced evidence tending to prove that said advertising was developed independently by the Newell-Emmett Co. without reference to or use of the plan submitted by the appellee, but that became a question of fact for the jury. Its verdict determined that question against the appellant.

The verdict must be allowed to stand unless it was improperly affected by an error or errors of law occur-

438

ring at the trial, in which event it would be contrary to law. Aside from the alleged errors as to the instructions the appellant contends that reversible error was committed by the trial court in permitting the witness Charles W. Mears, who was offered by the appellee as an advertising expert, to answer the question as to whether he was the one whom an Ohio judge in an opinion in the Northeastern Reporter so highly complimented. His evidence was introduced by the appellee as an advertising expert as to the value of the plan or scheme of the appellee as an advertising scheme. While this evidence objected to had the possible effect of lauding or praising the witness, yet his evidence is strongly corroborated by other expert and lay testimony and we can not see that the error in its admission (if it be error) was harmful to the extent of being reversible error. See: *Lake Erie, etc., R. Co.* v. *Miller* (1900), 24 Ind. App. 662, 57 N. E. 276; *Keener School Township et al.* v. *Eudaly* (1931), 93 Ind. App. 627, 175 N. E. 363.

We have found no reversible error. Judgment affirmed.

Kime, J., not participating.