DOROTHY T. STONE, Plaintiff, v. LIGGETT & MYERS TOBACCO COMPANY and NEWELL-EMMETT COMPANY, Defendants.

Supreme Court, Special Term, New York County, October 3, 1939.

*Max Chopnick*, for the plaintiff.

*Phillips & Nizer*, for the defendants.

BENVENGA, J.   This is a motion to strike out the second cause of action from the amended complaint on the grounds (1) that it fails to state facts sufficient to constitute a cause of action; and (2) that it is barred by the Statute of Limitations.

The complaint alleges in substance that prior to August, 1930, plaintiff created and wrote certain literary and dramatic compositions in form generally known as radio continuities; that she submitted two of these compositions in manuscript form to the Newell-Emmett Company as the advertising agency of Liggett & Myers Company, for use in radio or other exploitation of Chesterfield cigarettes; that at the request of the Newell-Emmett Company, she prepared a rough script for the purpose of illustrating and demonstrating the adaptability of her composition and the material and underlying ideas therein for use in motion picture presentations; that thereafter the defendants produced certain motion picture subjects advertising Chesterfield cigarettes based upon and adapted from the compositions of the plaintiff, which motion pictures were produced and distributed between September, 1930, and June, 1931.

The first cause of action contains the foregoing recitals, and charges " acts of infringement " by the defendants of her common-law copyright in her literary property. The second cause of action contains practically the same recitals as the first cause of action, except that it alleges that, in August, 1930, plaintiff conceived, created and originated a new, novel, unique and valuable plan and idea, describing it in a general way, alleges that, at the request of the Newell-Emmett Company, she prepared a rough script outlining and illustrating the adaptability of her plan and idea for commercial motion pictures exploiting Chesterfield cigarettes, and charges that the defendants, without her consent, wrongfully adopted, appropriated and used her aforesaid idea and plan.

It is argued that the second cause of action is insufficient in law, in that it charges the appropriation of a mere idea, for which no action lies. Concededly, the objection is well taken if the complaint merely charges the appropriation of an abstract idea. A reading of the complaint, however, indicates that the second cause of action charges, in addition to the infringement of plaintiff's common-law copyright in her literary property, the appropriation and use of her novel and original plan and idea; not of a mere abstract idea, but of something in concrete and tangible form. Under the circumstances, the contention that the complaint does not state facts sufficient to constitute a cause of action is untenable. (*Larkin* v. *Penn. R. R. Co.*, 125 Misc. 238; affd., 216 App. Div. 832; affd., 245 N. Y. 578; *Healey* v. *Macy & Co., Inc.*, 251 App. Div. 440; affd., 277 N. Y. 681; *Liggett & Myers Tobacco Co.* v. *Meyer*, 101 Ind. App. 420; 194 N. E. 206; *Ryan & Associates, Inc.*, v. *Century Brewing Assn.*, 185 Wash. 600; 55 P. [2d] 1053; *Moore* v. *Ford Motor Co.*, 28 F. [2d] 529; affd., 43 id. 685.)

The second cause of action is not a new and different cause of action. It is but an expansion and amplification of the first cause of action. It asserts a new or additional theory of recovery, based upon the same act or acts of wrongdoing on the part of the defendants. Under the circumstances, since the first cause of action is not barred by the Statute of Limitations, neither is the second. (*Harriss* v. *Tams*, 258 N. Y. 229, 240; *Seabcard Airline R.* v. *Renn*, 241 U. S. 290, 293; *New York Central & H. R. R. R. Co.* v. *Kinney*, 260 id. 340, 346; *Clinchfield R. Co.* v. *Dunn*, 40 F. [2d] 586.)

The motion to strike out is, therefore, denied. Settle order on notice.