**BELT v. HAMILTON NAT. BANK.**
Civ. A. No. 2253–50.

United States District Court
District of Columbia.
Dec. 8, 1952.

Thomas H. Patterson and James T. Barbour, Jr., both of Washington, D. C., for plaintiff.

Harry L. Ryan, Jr., of Washington, D. C., for defendant.

HOLTZOFF, District Judge.

In an action to recover damages for the wrongful appropriation of an idea, the jury found a verdict for the plaintiff for $3,300. The defendant now moves for judgment notwithstanding the verdict.

The salient undisputed facts which appeared at the trial are as follows. The plaintiff was in the advertising business and conceived an idea of creating a radio program, the participants in which were to be school children who had vocal or instrumental talent. The program was to be financed and sponsored by some business concern, but was to be controlled by the local school authorities. Different schools were to be represented on various occasions. The plaintiff presented his concept to an officer of the defendant bank, indicating that he expected compensation if the proposal were adopted. The defendant looked upon the matter favorably and decided to place such a program on the radio. It engaged the plaintiff to do the preparatory work, at a compensation of $25 per week, with the understanding that this agreement might be cancelled by it on two weeks' notice. The plan was then submitted to the local school authorities for approval. The latter delayed their decision. After the contract of employment continued for two weeks, it was terminated by the bank without the required two weeks' notice. Several months

later the school authorities communicated with the bank, enquiring whether the latter was still interested in the proposal. Receiving an affirmative answer, they formally approved the scheme. The bank then proceeded to put it into effect and engaged another advertising agency for that purpose. The program was broadcast on the radio weekly for a period of over a year. A different school was represented on each occasion. At the beginning and the end of every broadcast, an announcement was made that the program was sponsored by the Hamilton National Bank. The expenses incurred by the bank in connection with the program aggregated about $47,000. The plaintiff sued for compensation for the use of his idea. In equity and good conscience he should be paid. Does the law provide a remedy?

 The principal question presented is whether there is a property right in an idea and, if so, to what extent. Originally at common law such a property right did not exist. This circumstance, however, is not determinative of the matter. One of the basic characteristics of the common law is that it is not static, but is endowed with vitality and a capacity to grow. It never becomes permanently crystallized but changes and adjusts itself from time to time to new developments in social and economic life in order to meet the changing needs of society. The law must have some flexibility. In a sense it must be behind the times, because before the law changes or develops new rules, the conditions requiring the modification must acquire some degree of permanency.[1] The lag, however, must not be too great. As was said by Mr. Justice Brandeis, "Modification implies growth. It is the life of the law."[2] With poetic imagery, Mr. Justice Cardozo gave the following expression to this thought:[3]

"The inn that shelters for the night is not the journey's end. The law, like the traveler, must be ready for the morrow. It must have a principle of growth."

The law cannot stand still, as was also said by Mr. Justice Cardozo.[4]

The Court of Appeals of the District of Columbia, speaking through Mr. Justice Shepard, enunciated the same idea in the following language:[5]

"The chief attribute of the common law has ever been its flexibility, its power of expansion and adaptation to the changing needs and circumstances of a complex civilization, advancing under the influences of learning, discovery and invention. While sudden and radical changes in its rules should only be wrought by legislative power and not by the courts, yet these should not adhere to the applications of the principles made in other days under circumstances and surroundings which may have completely changed, bearing the reason of the old rule with them."

That the common law has never ceased to grow but is still ever changing, may be demonstrated by its recent recognition of a number of new doctrines. For example, in our own times the right of contribution among joint tort-feasors, which did not exist at common law, has been developed and enforced.[6] The right of privacy, originally unknown at common law, has been evolved and applied.[7] Only within the past several years a married woman was accorded for the first time the right to recover for loss of *consortium.*[8]

1. See Justice Holmes, Collected Legal Papers, p. 294.

2. State of Washington v. Dawson & Co., 264 U.S. 219, 236, 44 S.Ct. 302, 308, 68 L.Ed. 646.

3. Cardozo—The Growth of the Law, p. 20.

4. Id. p. 142.

5. Utermehle v. McGreal, 1 App.D.C. 359, 368–369.

6. Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662.

7. Peay v. Curtis Pub. Co., D.C., 78 F. Supp. 305.

8. Hitaffer v. Argonne Co., 87 U.S.App. D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366.

██ The law has recognized a qualified property right in trade secrets, and grants injunctive relief against their use or disclosure by a breach of contract or a violation of confidence.[9] It is but one short step further to extend to ideas at least a limited property right. This step has been recently taken. The law now gives effect to a property right in an idea even though the idea may be neither patentable nor subject to copyright. Such a concept, however, in order to receive the protection of the law, must be more than a mere abstraction. It must be reduced to a concrete detailed form. It must, of course, be novel.[10] For the appropriation of such an idea, if it has not been published and thus placed in the public domain, compensation may be recovered either on the theory of a tort, or on the theory of a contract implied in law or quasi-contract.

The leading decision on this subject is Liggett & Myers Tobacco Co., Inc. v. Meyer, 101 Ind.App. 420, 194 N.E. 206. In that case the plaintiff submitted to the defendant what he referred to as an original advertising scheme to be used for billboard advertising. The idea consisted of a picture of two gentlemen, one extending to the other a package of cigarettes, saying, "Have one of these," and the other replying, "No, thanks; I smoke Chesterfields." In presenting this thought, the plaintiff indicated that he expected remuneration if the proposal were used. The defendant adopted the scheme, but declined to make any recompense. The plaintiff brought suit for damages and a judgment in his favor was affirmed on appeal. The Court discussed this question as follows, 101 Ind.App. at page 430, 194 N.E. at page 210:

"The rules of the common law are continually changing and expanding with the progress of the society in which it prevails. It does not lag behind, but adapts itself to the conditions of the present so that the ends of justice may be reached. * * * While we recognize that an abstract idea as such may not be the subject of a property right, yet, when it takes upon itself the concrete form which we find in the instant case, it is our opinion that it then becomes a property right subject to sale. Of course, it must be something novel and new; in other words, one cannot claim any right in the multiplication table."

In Ryan & Associates v. Century Brewing Ass'n, 185 Wash. 600, 55 P.2d 1053, 104 A.L.R. 1353, the plaintiff submitted to the defendant, pursuant to an invitation, a proposed slogan or phrase, "The Beer of the Century". The defendant accepted and used the slogan, but declined to pay any compensation. The plaintiff thereupon brought suit and a judgment in his favor for $7,500 was affirmed on appeal. Liggett & Myers Tobacco Co., Inc. v. Meyer, supra, was cited with approval.

In Stanley v. Columbia Broadcasting System, 35 Cal.2d 653, 656–657, 221 P.2d 73, 75, 23 A.L.R.2d 216, a judgment for the plaintiff for $3,500 as recompense for the use of a radio program originated by him was affirmed on appeal. The Court discussed this question as follows:

"* * * it may be stated that the right of the originator of an idea to recover from one who uses or infringes it seems to depend upon whether or not the idea was novel and reduced to concrete form prior to its appropriation by the defendant, and, where the idea was disclosed by the originator to the appropriator, whether such disclosure took place under circumstances indicating that compensation was expected if the idea was used.

"Where these prerequisites exist, recovery may be had upon a theory of contract implied in fact or in law."

9. Becher v. Contoure Laboratories, 279 U.S. 388, 391, 49 S.Ct. 356, 73 L.Ed. 752; Hoeltke v. C. M. Kemp Mfg. Co., 4 Cir., 80 F.2d 912; Aktiebolaget Bofors v. United States, D.C., 93 F.Supp. 131;

Feasel v. Noxall Polish Mfg. Co., D.C., 268 F. 887.

10. In the case at bar, the Court instructed the jury as to these limitations.

The cases on which the defendant relies are distinguishable. In Lueddecke v. Chevrolet Motor Co., 8 Cir., 70 F.2d 345, the Court in effect held that the idea involved had not been reduced to a concrete form and further that it was not novel. Even if that decision supported the defendant's reasoning, however, this Court with due deference would not be inclined to follow it, as the authorities just discussed appear to be more persuasive and convincing, and more in accord with modern developments of the law and the requirements of justice and fair dealing. The cases of O'Brien v. RKO Radio Pictures, D.C., 68 F.Supp. 13, and Bowen v. Yankee Network, D.C., 46 F.Supp. 62, were decided on the ground that the ideas there involved were not sufficiently concrete. In William A. Meier Glass Co. v. Anchor Hocking Glass Corp., D.C., 95 F. Supp. 264, and Aktiebolaget Bofors v. United States, D.C., 93 F.Supp. 131, the ideas for which compensation was sought had been previously disclosed and made public.

 Whether the idea is original is a question of fact which this court properly left to the jury. "The question of originality of plaintiff's program is not one of law to be determined by the court but is one of *fact* for the jury's determination", Stanley v. Columbia Broadcasting System, 35 Cal.2d 653, 665, 221 P.2d 73, 80, 23 A.L.R.2d 216. There was no substantial evidence refuting the plaintiff's claim to originality.

The same rule is necessarily applicable to the question whether the idea has been reduced to a form that is sufficiently definite and concrete. This Court likewise left this question to the jury.

Finally it has been argued that since the plaintiff revealed his plan to a representative of the bank, he is not entitled to compensation, since such a disclosure constituted a publication and abandonment of the idea into the public domain. Obviously, this reasoning is fallacious. If the owner of an idea were not permitted to make sufficient disclosure to a prospective purchaser in order to apprise the latter what is being offered to him, it would never be possible to sell an idea. Such a property right would be valueless. "If it were held otherwise, the mere offer to sell would destroy the thing offered", Ryan & Associates v. Century Brewing Ass'n, 185 Wash. 600, 55 P.2d 1053, 104 A.L.R. 1353. The result would be to take away with one hand what was given with the other. It would "keep the word of promise to our ear and break it to our hope".

In view of the foregoing considerations, the motion for judgment notwithstanding the verdict is denied.