**JOHN W. SHAW ADVERTISING, Inc. v. FORD MOTOR CO. et al.**

No. 50 C 386.

United States District Court
N. D. Illinois, E. D.
May 8, 1953.

122

Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., for plaintiff.

Lord, Bissell & Kadyk, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

This is an action to recover damages for an alleged use and copying of advertising ideas and material submitted by the plaintiff advertising agency to defendant Ford Motor Company. Plaintiff claims that the ideas and material were used and copied without authorization in an extensive advertising campaign by Ford and J. Walter Thompson Company, another agency.

It is alleged in the complaint that on or about November 12, 1945, plaintiff informed Ford that it desired to offer a proposed advertising plan, created and prepared by plaintiff especially for Ford, to be used in furtherance of the sales of Ford passenger automobiles; that on or about November 30, 1945, Ford requested that plaintiff send its representatives to the Ford offices at Dearborn, Michigan; that on December 14, 1945, pursuant to Ford's request, the two principal officers of plaintiff went to Dearborn, and there presented the advertising plan and some proposed advertisements; that said plan and advertisements were new, novel, and unique, and were unknown to defendants or any other person before disclosure; that they were reduced to concrete form; that plaintiff's plan involved a new manner of presentation, namely, an appeal to prospective purchasers to acquaint themselves with Ford automobiles by physical contact; that plaintiff's key phrase or slogan, contained in its proposed advertisements, was: "Get the Feel of the Wheel" of the Ford passenger automobile, which phrase plaintiff suggested should be used both in its original form and with variations employing the words "Feel" or "Wheel"; that on or about January 15, 1946, Ford advised plaintiff that it did not desire to use the proposed plan or advertising material, and that it did not desire to use plaintiff's services in connection with the advertising of Ford passenger automobiles; that subsequently, in 1949, Ford caused to be published in various media throughout the United States a series of advertisements for Ford automobiles which were based directly upon and were copied from plaintiff's proposed plan and advertising materials; and that a prominent feature of said advertisements has been the key phrase, or slogan: "Take the Wheel—Try the Feel" of the Ford passenger automobile, which phrase is substantially similar to that proposed by plaintiff.

The complaint contains eight causes of action. The first three are based upon a contract theory, and allege an offer by plaintiff of certain advertising ideas, reduced to concrete form, and an acceptance of said offer by Ford. The last three causes

of action are based upon an alleged violation by defendants of plaintiff's common-law copyright in its intellectual or literary property. The matter is now before the court on defendants' motion for summary judgment as to each of the eight causes of action.

■ Each of plaintiff's claims is grounded upon a property interest in an idea. In some of its claims, plaintiff asserts that its interest should be protected by implied contract; in other claims, plaintiff shifts to a tort theory, and seeks recovery on the basis of plagiarism or piracy of its idea. Such a property interest is recognized and protected by the courts, though recognition was extended less than two decades ago, and the protection is qualified by certain rigorous requirements. Liggett & Meyer Tobacco Co. v. Meyer, 1935, 101 Ind.App. 420, 194 N.E. 206; Ryan & Associates v. Century Brewing Ass'n, 1936, 185 Wash. 600, 55 P.2d 1053, 104 A.L.R. 1353; Stanley v. Columbia Broadcasting System, 1950, 35 Cal.2d 653, 221 P.2d 73, 23 A.L.R.2d 216; Matarese v. Moore-McCormack Lines, 2 Cir., 1946, 158 F.2d 631, 170 A.L.R. 440; Belt v. Hamilton National Bank, D.C.1952, 108 F.Supp. 689. Since courts could not define and enforce a right in an abstraction, it is uniformly held that an idea must be reduced to concrete form in order to qualify as the subject of a protectible property interest. Bowen v. Yankee Network, D.C.Mass.1942, 46 F.Supp. 62. It is also required that the idea be novel, or that it have some elements of originality. Liggett & Meyers Tobacco Co. v. Meyer, supra. And, finally, the creator of the idea must not have revealed its content to other persons prior to its disclosure to a prospective purchaser. Lueddecke v. Chevrolet Motor Co., 8 Cir., 1934, 70 F.2d 345; Hampton v. La Salle Hat Co., D.C.S.D.N.Y.1949, 88 F.Supp. 153.

■ Defendants urge this court to hold that plaintiff's advertising plans were neither novel nor concrete, and that plaintiff's voluntary disclosure of its plans to Ford in December 1945 destroyed whatever protectible interest plaintiff may have had. Further, defendants ask the court to hold that the materials used in the 1949 advertising campaign by Ford and the Thompson agency were not based upon or copied from the plans submitted by plaintiff. Of course, these contentions raise issues of fact. The issue of novelty, for example, is of paramount importance in at least five of the eight causes of action; and it is clear that this issue, if genuine, must be preserved for determination by a jury. Dezendorf v. Twentieth-Century Fox Film Corp., 9 Cir., 1938, 99 F.2d 850. The same may be said of each of the other issues raised by defendants' motion. Belt v. Hamilton National Bank, supra.

■ This court cannot now decide any issue of fact. In disposing of this motion for summary judgment, the court's sole function is to determine whether or not any genuine issue of fact has been raised for trial. The court must assume that each of the allegations in the complaint is true; and all the pleadings must be construed in a manner most favorable to plaintiff. Hazeltine Research v. General Electric Co., 7 Cir., 1950, 183 F.2d 3; Purity Cheese Co. v. Frank Ryser Co., 7 Cir., 1946, 153 F.2d 88; Furton v. City of Menasha, 7 Cir., 1945, 149 F.2d 945.

■ After a review of the pleadings, and the affidavits and deposition submitted by defendants, the court is convinced that the merits of this case cannot be adjudicated before trial. Any decision at this time would be based in large measure upon the answers to two questions: Was plaintiff's advertising plan novel and unique?, and, if the answer is in the affirmative, Was the advertising plan later used by defendants based upon and copied from plaintiff's plan? In order to answer these questions, the court must compare a series of advertising slogans and pictures. Such a comparison, and the resultant findings of fact, must be made at a trial, and not on a motion for summary judgment. Albert Dickinson Co. v. Mellos Peanut Co., 7 Cir., 1950, 179 F.2d 265; Arnstein v. Porter, 2 Cir., 154 F.2d 464.

For the reasons stated in this memorandum, the motion of defendants for summary judgment as to each of the causes of action is denied.