**MARCUS ADVERTISING, INC.,**
Plaintiff-Appellant,

v.

**M. M. FISHER ASSOCIATES, INC.,**
Defendant-Appellee.

No. 18628.

United States Court of Appeals,
Seventh Circuit.

June 1, 1971.

Robert W. Boughton, Roemisch & Wright, Cleveland, Ohio, for plaintiff-appellant.

Raymond J. Kelly, Jr., Robert H. Joyce, Chicago, Ill., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and KERNER and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

The plaintiff-appellant, Marcus Advertising, Inc., an Ohio corporation, brought this diversity action in the District Court against the defendant-appellee, M. M. Fisher Associates, Inc., an Illinois corporation, seeking recovery from the defendant for the latter's alleged appropriation and use of an advertising slogan prepared by the plaintiff. The trial commenced before a jury and following the presentation of evidence on behalf of the plaintiff, and upon the defendant's motion, the court directed a verdict for the defendant. On appeal the plaintiff, Marcus, contends that the District Court erred in directing a verdict for the defendant and in excluding evidence concerning the defendant's dis-

tribution and use of the advertising slogan.

Marcus' complaint alleged that on or about June 2, 1965, it prepared and sent a proposal for an advertising slogan to be used in connection with the promotion of Dad's Root Beer, a soft drink, to the defendant, hereinafter referred to as Fisher; that Fisher rejected the proposal but thereafter, without consent of or compensation to Marcus, Fisher used the basic idea of that slogan in a national advertising campaign for the promotion of Dad's Root Beer. The complaint alleged that Marcus' advertising slogan was "concrete in form, novel and new", and that as originator of the idea, Marcus had the exclusive right to copy and publish it. Fisher denied that allegation in its answer to the complaint.

The record discloses that in the summer of 1965, Fisher was acting as the representative of Dad's Root Beer, Inc., in the preparation of a national advertising compaign to promote the sale of Dad's Root Beer. The Cleveland, Ohio, franchised distributor for Dad's Root Beer, at that time, was Amster Beverage Company, a bottler of soft drinks. Arthur B. Raymont was the president and general manager of Amster Beverage, and responsible for its advertising program. Under a verbal understanding between Marcus and Fisher, Marcus serviced the account of Amster Beverage to see that the advertising material supplied by Fisher for the promotion of Dad's Root Beer was properly placed and utilized in the Cleveland marketing area.[1] Marcus had for some time been the local advertising agency serving Amster Beverage, which in addition to Dad's Root Beer handled other soft drinks. In the spring of 1965 Raymont contacted Marcus' vice-president and accounts executive, Edward Manheim, and requested that Marcus prepare a local advertising campaign for Amster Bever-

age. In response to that request, Marcus through Manheim prepared and developed the advertising slogan:

"We can't help bragging about Dad's. After all it's [or that's] our pop."

In June, 1965, a color layout incorporating the slogan was sent to Fisher,[2] but Fisher and Dad's Root Beer, Inc., decided not to use it, and Marcus was advised that any advertising to be done on behalf of Dad's Root Beer had to have prior approval by Dad's Root Beer, Inc. In 1967, in a national advertising campaign for Dad's Root Beer, Fisher used the slogan:

"That's my Pop. * * * That's Dad's".

Marcus contends that the District Court erred in directing a verdict for the defendant, Fisher. In this connection, Marcus argues, in substance, that there is evidence which, together with the reasonable inferences to be drawn therefrom, when considered in the light most favorable to Marcus, as it must be on a motion for a directed verdict (Pinkowski v. Sherman Hotel, 7 Cir., 313 F. 2d 190, 192–193), required that the case be submitted to the jury. Marcus argues that its evidence shows that the slogan it submitted to Fisher in 1965 was novel and new; that it was transmitted to Fisher in confidence, not for general publication, but with the intention that Marcus be compensated therefor if the slogan were used; and that although Fisher did not use the exact wording of the Marcus slogan in Fisher's 1967 advertising campaign it did adopt the basic idea which originated with Marcus. And, it is on the basis of this evidence that Marcus predicates a right to recover from Fisher under the principle that a property right in an idea may exist independent of and notwithstanding the copyright statutes (18 Am.Jur.2d, Copyright and Literary

1. It was not contemplated that Marcus would create new advertising material. Marcus' sole responsibility was merely to place in the Cleveland area the Dad's Root Beer advertising material supplied

by Fisher. for which Marcus was to receive a 7½% commission.

2. The layout was intended to be used for advertising cards to be displayed in busses.

Property, Sec. 9; 18 C.J.S. Copyright and Literary Property § 5), and in reliance upon decisions such as John W. Shaw Advertising v. Ford Motor Co. (D.C.N.D.Ill.) 112 F.Supp. 121; Liggett & Meyer Tobacco Company v. Meyer, 101 Ind.App. 420, 194 N.E. 206 and Ryan and Associates v. Century Brewing Ass'n, 185 Wash. 600, 55 P.2d 1053, which give recognition to the application of such principle in actions to recover for the misappropriation of advertising ideas and materials.

Fisher concedes that the protection of property interests in advertising ideas and materials is so recognized but contends that Marcus' evidence, together with all reasonable inferences which may be drawn therefrom, is wholly lacking of any proof that Marcus' 1965 advertising idea and material were novel or new—a requisite element of Marcus' case—and that, consequently, the jurors as reasonable men in a fair and impartial exercise of their judgment could reach no different conclusion. And, accordingly, the District Court did not err in directing a verdict for the defendant, Fisher. Continental Air Lines, Inc. v. Wagner-Morehouse, Inc., 7 Cir., 401 F. 2d 23, 27. We agree.

Marcus' witness Manheim testified on direct examination that he developed the slogan submitted to Fisher in 1965; that it is his creation; and that he had never used nor had seen it used before in connection with Dad's Root Beer. But on cross-examination Manheim admitted that in 1962 he had prepared a Father's Day promotional advertisement for Amster Beverage in combination with a dry-cleaning firm, D. O. Summers, which advertisement was published in Cleveland area newspapers. This advertisement[3] stated that with every $3.00 incoming dry cleaning order, the customer would receive as a Father's Day gift a half-gallon:

" 'Papa' size Dad's Root Beer for Dad. The best Pop in the world."

Manheim testified that the advertisement was not copyrighted, and that "it went the way of published ideas. * * any one can pick it up".

Marcus' witness Arthur B. Raymont, general manager of Amster Beverage, testified on deposition that in 1961, and almost every year since until 1967, Amster Beverage ran a promotional campaign, mostly newspaper advertising, tied in with Father's Day, advertising "Dad's for Dad's Day"; and, at Amster's urging, retail dealers set up displays of the half-gallon "Papa" size bottle of Dad's Root Beer using the theme "It's Dad's for Dad's Day".

■ Thus, the uncontroverted testimony of Marcus' own witnesses, and the corroborating documentary exhibits with respect to which they were questioned, establish that the "pop-father-soft drink" associated image which forms the basic idea of the slogan submitted by Marcus to Fisher in 1965, had been in the public domain since at least 1962. There was nothing new, novel or unique about the idea expressed in Marcus' 1965 slogan. The same idea associating the beverage with "father", colloquially expressed as "pop", had been used before in promotional material advertising Dad's Root Beer. There was no evidence which would warrant or support the jury in concluding that the idea utilized in Marcus' 1965 slogan was something new or novel. And, it was only that idea, not the actual 1965 slogan prepared by Marcus, which the defendant, Fisher, used in its 1967 national advertising campaign. Fisher had a right to use that idea; it had been freely committed to the public domain.

■ Although there had been no formal severance of the issue of liability from the issue of damages, at the point in the trial where it was indicated that counsel for Marcus was about to proceed to offer evidence with respect to damages, the court in a colloquy with counsel ruled that it would first entertain Fisher's motion for a directed verdict.

**3.** The advertisement referred to the cleaner's "55 Convenient Neighborhood Stores".

This occurred after counsel for Marcus had first stated that he had nothing specific to further offer before going forward with the evidence as to damages, except that evidence to be introduced showing Fisher's wide-spread use of its 1967 slogan was competent on the issue of novelty. The court proceeded to hear the motion for a directed verdict, and then granted it. Marcus now complains that the District Court erred in excluding its evidence concerning the extent and usage of the 1967 advertising slogan employed by Fisher. In the context of this record we perceive no error in the District Court's action in ruling on the motion for a directed verdict prior to the introduction of evidence relating to the use Fisher made of the slogan it employed in its 1967 advertising campaign. Extensive use and commercial success of the 1967 slogan could not on this record supply the "newness and novelty" lacking in Marcus' 1965 slogan because of the prior 1962 use of the idea which left it in the public domain.

The judgment order appealed from is affirmed.

Affirmed.