James Joseph BERGMAN, Plaintiff,

v.

ELECTROLUX CORPORATION, a Delaware corporation, Defendant.

No. CV–R–81–206–ECR.

United States District Court,
D. Nevada.

March 21, 1983.

Noel Stephen Topol, Reno, Nev., for plaintiff.

Vargas & Bartlett, Reno, Nev., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The defendant has moved for a summary judgment. Both sides have submitted affidavits, exhibits and points and authorities, so that the Court feels sufficiently advised.

The Court's jurisdiction is based upon the diversity of the opposing parties, thus the substantive law of the State of Nevada is controlling. The plaintiff's complaint alleges that he submitted to the defendant marketing ideas aimed at stimulating sales of the defendant's vacuum sweepers. The submission was made pursuant to a written agreement, whereunder the defendant agreed to compensate the plaintiff if it decided to acquire rights to the plaintiff's ideas. Those ideas comprised a sales incentive program for the defendant's salesmen. Essentially, a salesman would waive his entitlement to small monthly prizes and, instead, accumulate or bank his sales credits over a period of months in order to earn a vacation at a resort condominium. The defendant would join a club which would give it the right to purchase time intervals in condominiums located at over two hundred resorts. The winning salesmen would select the resorts at which they chose to vacation. The economies effected by this procedure, compared to the cost of renting hotel accommodations at the resorts, would enable the defendant to offer such seemingly unaffordable vacations as an incentive to its salesmen.

The defendant has sought to show that it did not use the plaintiff's ideas or, to the extent that any were used, they were old concepts that had been used by the defendant and other companies prior to the plaintiff's disclosure of his sales incentive plan to the defendant.

The plaintiff disclosed his ideas to the defendant on May 27, 1980. In July 1980 the defendant offered its sales representatives a contest in which they could win Chevrolet automobiles if they accumulated sufficient sales credits over a two-month period. The representatives had to waive their entitlements to small monthly prizes in order to participate in the contest. The defendant claims it previously had offered contests in which accumulation or banking of credits toward a large prize, e.g., a Cadillac, had been practiced. The plaintiff has presented evidence that indicates only management personnel were eligible to participate in the prior contests for large prizes. According to the plaintiff, the Chevrolet

contest was the first one in which sales representatives could win large prizes.

In December 1980 the defendant offered its sales representatives a "Rediscover America" contest, whereby the representatives could bank their sales credits over a three-month period and win vacations at resort hotels selected from a large number of such hotels located throughout the United States. The accommodations were not condominiums purchased by the defendant in the form of time intervals but, rather, were situate in privately owned resort hotels. The defendant had purchased the vacation incentive program from a private company, and has presented affidavit and deposition evidence that indicates the initial presentation of the program to it occurred slightly prior to the May 27, 1980, disclosure by the plaintiff of his ideas.

The plaintiff's complaint alleges claims for relief based on breach of the written agreement between himself and the defendant, and fraud by the defendant in inducing the plaintiff to disclose his ideas with the false promise to compensate the plaintiff if they were utilized by the defendant. He has submitted deposition testimony by an official of the defendant which can be interpreted as reflecting the official's beliefs that all possible ideas for sales incentive contests already have been tried, so that so-called new ideas are merely rehashings of old ones, and that the defendant has never paid an employee for sales promotion ideas.

 The essential elements of an express contract are mutual assent and consideration. *Chandler v. Roach,* 156 Cal. App.2d 435, 319 P.2d 776, 780 (Cal.1957). Mutual assent is manifested by the signatures on the written agreement of the plaintiff and a Vice-President and General Counsel of the defendant. California feels that an idea may constitute consideration for a promise to pay compensation therefor, because its disclosure may be of substantial benefit to the person to whom it is disclosed. *Desny v. Wilder,* 46 Cal.2d 715, 299 P.2d 257, 266 (Cal.1956); *Weitzenkorn v. Lesser,* 40 Cal.2d 778, 256 P.2d 947, 957

(Cal.1953). Both cases emphasize that it doesn't matter if the idea is widely known or even a matter of public knowledge. Nevada, however, does not agree. The leading case is *Smith v. Recrion Corporation,* 91 Nev. 666, 541 P.2d 663 (1975). The opinion acknowledges that even an abstract idea can be protected by a contract, provided the contract is made before the disclosure of the idea. 541 P.2d at 665. Nevertheless, abstract ideas will not be protected without a showing of novelty and concreteness. *Ibid.* Novelty pertains to originality or innovation; concreteness means that the idea has been sufficiently developed so as to be ready for immediate use without additional embellishment. *Ibid.* The imposition of these two requirements insures that the idea merits protection; i.e., it is tangible and would not exist but for the independent efforts of its creator. *Ibid.* Whether the idea is original and whether it has been developed to a form that is sufficiently definite and concrete are questions of fact for determination by the trier of fact. *Belt v. Hamilton Nat. Bank,* 108 F.Supp. 689, 692 (D.C.D.C.1952), aff'd *Hamilton Nat. Bank v. Belt,* 210 F.2d 706, 708 (D.C.Cir.1953). The evidence presented by the plaintiff in opposition to the defendant's motion for summary judgment at least raises questions of fact as to novelty and concreteness.

The plaintiff must demonstrate a substantial similarity between his ideas and the use allegedly made thereof by the defendant. *Sutton v. Walt Disney Productions,* 118 Cal.App.2d 598, 258 P.2d 519, 521 (Cal. 1953). The affidavit of the plaintiff in opposition to the defendant's motion sets forth a number of similarities between the ideas he disclosed to the defendant and those incorporated into the defendant's "Rediscover America" contest. These include: (1) The use of one large prize (a vacation) in place of a number of small prizes; (2) Participation in the contest was permitted of sales representatives, rather than just management personnel; (3) Accumulation or banking of sales credits over a period of months was provided for; (4) Sales representatives were required to

waive their entitlements to small monthly prizes in order to participate in the vacation contest; and (5) Once the vacation prize was won, additional incentives (e.g., air fare and spending money) were offered to the sales representative to continue making sales during the contest period. The plaintiff contends that these ideas had not been used by the defendant until after their disclosure by the plaintiff. Enough evidence has been presented by the plaintiff to make the issue of similarity or use one for the trier of fact. *Weitzenkorn v. Lesser, supra* 256 P.2d at 956.

In order to establish fraud, the plaintiff must show that he was deceived by false representations to the effect that he would receive compensation if the defendant decided to use his ideas. *Smith v. Recrion Corporation, supra* at 541 P.2d 666. The written agreement indicates a representation by the defendant as to compensation. A portion of the deposition of John Zauner, an official of the defendant, suggests that Mr. Zauner doesn't believe there are any new sales promotion ideas and, further, that he doesn't know of any employee ever being compensated for such an idea. From this a trier of fact could conclude that the promise of compensation was knowingly false when made.

In order to be entitled to a summary judgment, there may be no issue of any material fact and the moving party must demonstrate the right to judgment as a matter of law in the context of undisputed facts. *Aronson v. Crown Zellerbach,* 662 F.2d 584, 591 (9th Cir.1981). In determining whether material factual dispute exists, facts and the inferences derived therefrom are to be viewed most favorably to the non-moving party. *Ibid.* When deciding a motion for summary judgment, the Court is not permitted to pass upon credibility, weigh the evidence or speculate as to the ultimate findings of fact. *Ibid.*

The evidence presented by the non-moving party as to the existence of an issue of material fact need only be sufficient to require the trier of fact to resolve the parties' differing versions of the truth at trial.

*First Nat. Bank v. Cities Service,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). Such evidence must be factual and significantly probative as to the facts claimed to be disputed. *Feldman v. Simkins Industries, Inc.,* 679 F.2d 1299, 1305 (9th Cir.1982). The plaintiff has sustained his burden.

IT IS, THEREFORE, HEREBY ORDERED that the defendant's motion for summary judgment be, and the same hereby is, DENIED.